## STATE *vs.* NORRIS.

Where three or more persons were alleged to be jointly concerned in an assault, and it was contended to be immaterial, if all participated in it, by which of them certain acts were done, *held* to be material, and that evidence as to the acts of either, if wilfully and falsely given, constituted perjury.

An indictment for perjury, alleging that the respondent was sworn, and took her *corporal oath* to speak the truth, the whole truth, &c. was holden to be sustained by evidence of the oath taken in the usual form.

THIS was an indictment for perjury. The indictment alleged that on the 26th of August, 1836, one Joseph Lougee made a complaint in due form of law, before Caleb Sleeper, Esq., one of the justices of the peace for the county of Merrimack, against Thomas Sweat, William Knowlton, and Amos Peaslee, for an assault made by them upon one Joseph Lougee, Jr., for false imprisonment of the said Lougee.

The indictment alleged that a trial of said respondents was had on said complaint, before said justice, and that, on said trial, the respondent in this suit, Anna Norris, appeared as a witness in support of said complaint, and was sworn, and then and there took her corporal oath as such witness,

before the said Caleb Sleeper, Esquire, being such justice as aforesaid, to speak the truth, the whole truth, and nothing but the truth, touching and concerning the matter in question in said complaint, and that, upon the trial of that complaint, certain questions then and there became material, viz., whether the said Sweat took said Joseph Lougee, Jr., out of a certain closet, in the dwelling-house of the respondent, and whether the said Knowlton did afterwards take the said Lougee out of the said house; and the said Anna then and there, on said trial, falsely and wickedly swore that said Sweat took said Lougee out of the closet, and called for Knowlton, and Knowlton took said Lougee out of the house —whereas said indictment alleges that in truth and in fact the said Knowlton did not take the said Lougee out of the said closet, and the said Knowlton did not take the said Lougee out of the said house, nor in any other manner touch or meddle with said Lougee; and so the said Anna Norris was guilty of wilful and corrupt perjury in the premises.

On trial on said indictment the respondent was found guilty, and motion was made for a new trial, for the following reasons :

I. Because it was proved that the said Thomas Sweat, William Knowlton, Amos Peaslee, Thomas Smith, and several others, broke into the dwelling-house of the said Daniel Norris, the husband of the said Anna, for the purpose of carrying the said Joseph Lougee and his family, of which the said Joseph Lougee, Jr. was one, and were said to be paupers, to the poor house in said Pittsfield. It was contended, on the part of the respondent, that whether the said Thomas Sweat took the said Joseph Lougee, Jr. out of a closet in the house of the said Daniel Norris, and whether the said William Knowlton took the said Joseph Lougee, Jr. out of the said Daniel Norris' house, as alleged in said indictment, were not material questions upon the hearing and trial of the matter in said complaint, inasmuch as it was contended, and attempted to be proved on the part of the

state, that the said Thomas Smith took the said Joseph Lougee, Jr. out of said closet, and carried him out of the house of the said Daniel Norris. But the court instructed the jury that these questions were material.

II. Because the indictment alleged that the said Anna Norris was sworn before said Caleb Sleeper, Esquire, and then and there took her corporal oath to speak the truth, the whole truth, and nothing but the truth, touching the matter in question in the complaint aforesaid; and it appeared from the evidence, that the said Anna Norris was sworn in the usual form by holding up her hand, and in no other way. The counsel for the respondent objected to this evidence, as it proved that the said Anna was sworn in a different manner from that stated in the indictment, but the court admitted the evidence.

*Merrill, Bell,* and *Sullivan,* for the respondent, contended, I. That the testimony complained of in this case was immaterial, as it had no tendency to change the opinion of the justice, or to affect the judgment before him; and cited as authorities on this point, 1 *Hawk. P. C.,* book 1, chap. 69, sec. 8; *Roscoe's Crim. Ev.* 681; 2 *Roll. Ab.* 42.

Where three were indicted for murder, a blow alleged in the indictment to be given by A was proved to have been given by B, but it was held to be immaterial.

If the variance is immaterial, the testimony that makes such variance is immaterial.

II. As to the necessity of proving the oath to be taken as alleged, the following authorities were cited. 1 *McNally* 8; 3 *Co. Inst.* 165; 2 *Chit. Crim. Law* 309; *Peake's N. P.* 155. *Rex* vs. *McArthur.*

*Gove,* attorney general, for the government.

UPHAM, J. In this case, no controversy seems to have arisen as to any of the requisites to constitute perjury, except

as regards the form of the oath alleged to have been taken, and the question as to the materiality of the matter testified to by the witness, and for which the jury have rendered their verdict of guilty against the respondent.

It is a well settled rule of law, that the matter sworn to must be material; for if it be of no importance, though false, it is not perjury. In the application of this rule, however, some difficulty has arisen. Hawkins remarks, that it is clear that if the subject matter is entirely foreign to the purpose, not tending either to extenuate or increase the damages or the guilt, nor likely to induce the jury to give a more easy credit to the substantial part of the evidence, the party will not be liable to an indictment. *Hawkins' Pleas of the Crown, book* 1, *chap.* 69, *sec.* 8. This definition of what is material does not seem to vary from that given by the counsel in this case, viz.: that testimony which has no tendency to change the opinion of the jury, or the judgment of the court, is not material.

In *King* vs. *Gricpe*, 1 *Ld. Raym.* 256, it was held that though a man swear falsely, yet, if it be in a matter immaterial to the issue, it will not amount to corrupt perjury, for the reason that perjury is so high a crime is in respect to the injury it does to man; but if it is not material to the issue, it cannot by any means induce the jury to give their verdict one way or the other, and consequently cannot injure the party against whom the verdict is given. 3 *Inst.* 164; 11 *Co.* 13; 2 *Rolle's Rep.* 369; *Yel.* 111. And the case has been put, that if A swears that he saw B steal a certain deed, and when he did it he was dressed in blue, when in truth he was not dressed in blue, this is not perjury.

In *The King* vs. *Rhodes*, 2 *Ld. Raym.* 887, it was holden that it was not essential that the evidence was not sufficient to enable the plaintiff to recover. If its tendency is to sustain the issue, it is sufficient.

In the case, *State* vs. *Hathaway*, 2 *Nott & McCord's Rep.* 118, it is said, that to constitute perjury it is not necessary

that the particular fact sworn to should be immediately material to the issue ; but it must have such a direct and immediate connexion with a material fact, as to give weight to the testimony on that point. And it has been holden that a false answer, where a question was put to the witness merely with a design to impair his credit as to parts of the case immediately material to the issue, would be perjury—particularly if the witness be cautioned as to his answer. *State* vs. *Strat,* 1 *Murphy* 124 ; 3 *Stark. Ev.* 1144.

These authorities give the true rule as to the materiality of evidence which furnishes a ground for conviction of perjury. Testimony tending to affect the verdict of the jury, or extenuating or increasing the damage, and thus influencing the judgment of the court, is material. It is not necessary that the testimony should of itself be sufficient to sustain the issue in the case in which the witness is called, or that it should change the mode of punishment, if in a criminal case. If it is pertinent to the issue, or enhances the damage, it is sufficient.

In this case the testimony which is complained of was given on a trial of William Knowlton, Thomas Sweat and Amos Peaslee, for an assault upon one Joseph Lougee, Jr. What acts these individuals were guilty of, as sworn to on the trial, does not appear. Their acts may have been of such a character that the assault testified to by this respondent would be comparatively of but little consequence ; but it is apparent that had there been no other testimony than that of this respondent, Sweat and Knowlton might have been convicted. The testimony was not only pertinent to the issue, but was sufficient to have sustained the issue, and may also have materially affected the damages for which Sweat and Knowlton were holden responsible, or may have occasioned their being bound over to a higher court. In either point of view there can be no doubt that the testimony was material.

It has been said that it was immaterial whether Sweat

and Knowlton took the said Lougee out of the closet, or house of the respondent, inasmuch as the government contended, and attempted to prove, that one Thomas Smith took said Lougee out. But this testimony could have been rendered pertinent only by showing that Smith was an associate and assistant of Sweat and Knowlton, and that they were participating with him in the assault. When the respondent testified directly to the acts of Sweat and Knowlton in this respect, her testimony on the part of the government became superior to any other on this point ; and if false, and wilfully and intentionally given, it was clearly so essential in its character as to constitute perjury.

There is nothing in the case to show that a conviction must necessarily have resulted against Sweat and Knowlton independent of the respondent's testimony, or that they were so far accomplices as to render it immaterial which of them did the acts testified to. Had their guilt, as accomplaces, been first shown, it might have been immaterial on that point which of them did this particular act ; but such was not the case. The testimony of the respondent was given upon the main question of the assault, and in all respects was material. On the mere question of damage, it would be material, as, though all might be guilty, the punishment would be in proportion to the particular conduct of each individual, and the aggravation of their offence.

A farther objection has been taken, as to the mode of swearing. The indictment alleges that the witness "took her *corporal oath* to speak the truth, the whole truth, and nothing but the truth, touching and concerning the matter in question ;" and it is contended that being sworn in the usual manner is not taking such an oath as the indictment charges to have been taken.

In the English authorities it is said, that the oath usually administered is called *a corporal oath*, because the person who takes it lays his hand on some part of the scriptures, or other book esteemed sacred by the witness, or kisses the

State
vs.
Norris.

book. 1 *Chit. Crim. Law* 616 ; 1 *Cowp.* 383, *Atcheson* vs. *Everitt.* The indictments for perjury, however, do not usually allege merely the taking a corporal oath, but that the witness took such oath, "and was sworn upon the holy gospels to speak the truth," &c.

In England, where the allegation was that the witness was sworn upon the holy gospels, but it appeared that the oath was differently administered, the variance was held fatal. *Peake's cases* 155, *Rex* vs. *McArthur.* Where, however, the oath was not taken on the gospels, but the indictment alleged merely that the respondent took his corporal oath as a witness, it has been holden sufficient. 2 *Chit. Crim. Law* 358. Also, if the indictment mention that the witness was in due manner sworn. 2 *Chit. Crim. Law* 309 & 331 ; 6 *Went. Pl.* 423.

The term, corporal oath, must be considered as applying to any bodily assent to the oath of the witness. The indictment alleges here that the witness took her corporal oath to speak the truth, the whole truth, &c., and we think it unnecessary that the indictment should go farther, and allege the form in which such bodily assent was signified, as by raising the hand, or otherwise.

The motion, therefore, for a new trial does not prevail.