FOR THE

COUNTIES OF HAMPSHIRE AND FRANKLIN, AT NORTH-
AMPTON, SEPTEMBER TERM 1868.

PRESENT:

Hon. REUBEN A. CHAPMAN, Chief Justice.
Hon. EBENEZER R. HOAR,
Hon. HORACE GRAY, Jr.,
Hon. DWIGHT FOSTER,      } Justices.
Hon. JOHN WELLS,

## HAMPSHIRE COUNTY.

### Commonwealth vs. Timothy Foley.

On the trial of an indictment for being a common railer and brawler, loud and violent language used by the defendant in the heat of sudden altercations may be given in evidence, although used only in his own dwelling-house and addressed only to the persons with whom the altercations occurred; and will sustain the charge, if, with other evidence, it shows that he was accustomed to use immoderate and vituperative language so publicly and frequently as to be a common disturber of the public peace.

Complaint for being a common railer and brawler and disturber of the peace. At the trial in the superior court, before *Vose*, J., on appeal from a trial justice, the jury returned a verdict of guilty, and the defendant alleged exceptions as follows:

" The evidence on the part of the Commonwealth tended to show that the defendant, on many occasions, several times each

VOL. III.          32

week, within the time mentioned in the complaint, used loud and violent language, generally to some person or persons in or near his dwelling-house, and frequently to his wife when in the house ; that the language consisted of opprobrious epithets and exclamations; that on several of these occasions, sometimes on Sunday, in the afternoon, and at other times in the night time of other days of the week, people passing and living in the neighborhood of the defendant's house (from twenty-five to fifty persons, and once as many as a hundred and fifty) gathered near it, having been attracted thither by his said loud and violent language ; and that, after they were thus assembled, he continued the same, addressed sometimes to the crowd, as well as to another person or other persons in or near the house, and at other times apparently not addressed to any particular person or persons or to the people assembled.

" The defendant testified that on all the occasions complained of he used the language and exclamations, imputed to him, with persons who came to his house to visit his wife against his will, or to persons who occupied another house of the defendant's, a few feet distant from the former one, whom the defendant was endeavoring to oust from the premises by legal process, and by whom he was insulted and provoked to use the utterances in question ; and asked the court to rule that, if any of the occasions relied on by the Commonwealth were occasions when the defendant was betrayed into violent expressions in the heat of an altercation suddenly arising with some person or persons with whom he came in contact, and these expressions were aimed at the party with whom he was in altercation, such occasions could not be treated by the jury as evidence of the common railing and brawling charged in the complaint. The judge declined so to rule ; and ruled that the language and epithets used on such occasions might be considered with all the other evidence introduced by the Commonwealth."

*C. Delano,* for the defendant.

*C. Allen,* Attorney General, for the Commonwealth.

HOAR, J. The defendant suggests that this case presents a fit occasion to define with precision the statute offence of being

a common railer and brawler.    But this hardly seems to be necessary; as under the most limited definition we can have no doubt that the evidence to which objection was made at the trial was competent in support of the charge in the complaint.

If the defendant, in his own dwelling-house, was in the habit of using loud and violent language, consisting of opprobrious epithets and exclamations, in such a manner as to attract crowds of persons passing and living in the neighborhood, on Sundays as well as other days, and in the night as well as in the day-time, he was a disturber of the public peace by railing and brawling.    And " occasions when he was betrayed into violent expressions in the heat of an altercation suddenly arising with persons with whom he came in contact, and these expressions, aimed at the party with whom he was in altercation," were properly regarded as furnishing evidence against him, if they were frequent and habitual, and the language so immoderate and vituperative, and uttered so freely, publicly and continuously, as to disturb the peace of the neighborhood.    The evidence tended to show that he had no control over his temper or his tongue, and thereby made himself a nuisance.    The merits of his quarrels had little to do with the question before the jury, which chiefly concerned his manner of conducting them.

*Exceptions overruled*