STRAFFORD COUNTY v. DOVER.

The offence of drunkenness in a public street or place, described in G. L., c. 109, s. 31, is an offence against the police of towns, and the town or city where the offence is committed is liable for the prison charges incurred by the confinement in the county jail of a person convicted of that offence.

ASSUMPSIT, for money paid the county jailor for charges in keeping prisoners committed by the Dover police court for the year ending March 1, 1881. The offences were all committed in Dover. Of the items charged in the account, $202.57 was paid on account of persons convicted of being drunk in the streets or in public places. No question is made on any other item in the account. The complaints were in the usual form, and were brought under Gen. Laws, c. 109, s. 31, and in each case the defendant was given the privilege by the police justice, before arraignment, of disclosing where and of whom he purchased his liquor; and on refusal he was convicted and sentenced. None of the fines imposed or costs incurred were paid by the prisoners. The defendants claim that they are not liable for the item in question, because it is all for charges in cases prosecuted under Gen. Laws, c. 109, s. 31, which does not describe an offence against the police of towns.

*W. R. Burleigh,* solicitor, for the plaintiffs.

*C. S. McLane,* for the defendants.

ALLEN, J. The county paid the jailor $202.57 for board of persons committed to jail by the police court of Dover, on conviction of being "drunk on the streets and in public places," and claim to be reimbursed by the defendants. "Any person convicted of any offence against the police of towns or against any by-law of a town, may, upon petition and proof of inability to pay any fine or costs, be discharged by the selectmen, and the town shall be liable for the prison charges in case of the prisoner's inability." G. L., c. 268, s. 11. Under like circumstances, cities would be liable for the expense of prisoners from cities.

In the chapter upon "police offences of towns," *c.* 269, *s.* 11, it is provided that "no person shall be drunk in any street, alley, or other public place," and *s.* 16 provides a penalty of a fine not exceeding twenty dollars, or imprisonment not exceeding six months. In the chapter placing penalties upon the sale of spirituous liquor, *c.* 109, *s.* 31, it is enacted, "If any person shall be drunk in any highway or in any public building or place, or shall be drunk in his own house or any private building or place, disturbing his family or others, he may be arrested and detained till sober, and fined not exceeding ten dollars, or be imprisoned until he shall disclose the name of the person who furnished him the liquor whereby he became intoxicated, and testify fully concerning the same, unless sooner discharged by order of the court." So much of the latter statute as relates to drunkenness "in any highway or in any public building or place," is a description of the offence named in *s.* 11, *c.* 269, among the offences against the police of towns. Drunkenness "in a public highway or in any public building or place," is drunkenness "in a street, alley, or some other public place." The description being the same, the offence is the same, and *c.* 109, *s.* 31, includes an offence against the police of towns, and provides an additional mode of procedure, offering conditions which, if complied with, entitle the prisoner to his discharge. The additional procedure and conditions offered were annexed to the offence of drunkenness "in a street or public place," which is an offence against the police of towns, and also to the offence of drunkenness in a private place to the disturbance of other persons. The convictions and imprisonments in this case being of persons "drunk in streets and public places," which is an offence against the police of towns, the plaintiffs are entitled to recover of the defendants the whole amount of prison charges.

*Judgment for the plaintiffs.*

BLODGETT, J., did not sit: the others concurred.