Belknap, }
Dec., 1894. }

STATE *v.* BROWN.

It is no defence to a complaint under P. S., c. 264, s. 2, that the offensive words expressed the truth.

One who swears falsely in rebuttal to irrelevant testimony is not indictable for perjury.

INDICTMENT, for perjury. Facts agreed. H. was arraigned and tried in the Laconia police court, on a complaint made by the defendant, alleging that H., "in a certain public street in Laconia, called Messer street, did address certain offensive, derisive, and annoying words to him, the said Brown, and did call him by offensive and derisive names, viz. : 'You are a God damned blackmailer,' and other offensive words and epithets." At the trial H. admitted that, on the occasion specified, he called Brown a God damned blackmailer, and claimed that he was justified in doing so because, as he testified, he had himself paid Brown money, in consideration of which Brown agreed to refrain, and did refrain, from prosecuting him for the unlawful sale of spirituous liquor. Thereupon Brown testified, in substance, that he had never received from H., or from anybody, money or anything else as a consideration for abstaining from prosecuting H. or any other person for the unlawful sale of liquor. The indictment charges that this testimony of the defendant was false and perjured.

*William B. Fellows*, solicitor, for the state.

*Edwin H. Shannon* and *Cox & Dyer*, for the defendant.

CHASE, J. The complaint was for a violation of s. 2, c. 264, P. S., which provides that, "No person shall address any offensive, derisive, or annoying word to any other person who is lawfully in any street or other public place, nor call him by any offensive or derisive name, nor make any noise or exclamation in his presence and hearing with intent to deride, offend, or annoy him, or to prevent him from pursuing his lawful business or occupation." An intent to deride, etc., was not alleged in the complaint. If such an allegation was necessary, its absence is not material here. Perjury might be committed at the trial, although the complaint would be held bad upon demurrer or motion in arrest of judgment. *Reg.* v. *Meek*, 9 C. & P. 513; *State* v. *Whittemore*, 50 N. H. 245, 248.

The fact that the forbidden words express the truth does not justify their use. The statute makes no distinction between truthful and untruthful expressions, but prohibits both alike. Its purpose was to preserve the public peace. The direct tendency of such conduct, like that of libel (4 Bl. Com. 150, 151), is to provoke the person against whom it is directed to acts of violence. The circumstance that the offensive language is true does not destroy or lessen the tendency, but, on the contrary, is liable to increase it by stimulating a spirit of revenge. *Commonwealth* v. *Foley*, 99 Mass. 497; *State* v. *Burnham*, 9 N. H. 34, 41. H.'s testimony was irrelevant to the issue on trial, and consequently the defendant's testimony in rebuttal was immaterial.

Testimony affecting the credit of a witness is no doubt material, and so may be the subject of perjury. *Rex* v. *Griepe*, 1 Ld. Raym. 256, 258,— 2 Salk. 513; *Reg.* v. *Overton*, 1 Car. & Mar. 655; *Reg.* v. *Muscot*, 10 Mod. 192, 195; *Commonwealth* v. *Pollard*, 12 Met. 225; *People* v. *Courtney*, 94 N. Y. 490; *State* v. *Norris*, 9 N. H. 96, 99, 100. But the defendant's testimony was not received, and was not competent, for such purpose.

*Indictment quashed.*

All concurred,