Merrimack, }
June, 1900. }

## STATE v. McCONNELL.

One who addresses offensive, derisive, or annoying words to another in any public highway is punishable under section 2, chapter 264, of the Public Statutes.

COMPLAINT, for addressing offensive, derisive, and annoying words to one Cate while lawfully in a public highway. Facts agreed. The defendant addressed the objectionable words to Cate when she was lawfully in a public highway, forty rods distant from any dwelling-house. If this constituted the offence charged, the defendant is to be adjudged guilty.

*George M. Fletcher*, solicitor, and *Sargent & Niles*, for the state.

*Almon F. Burbank*, for the defendant.

CHASE, J. "No person shall address any offensive, derisive, or annoying word to any other person who is lawfully in any street or other public place, nor call him by any offensive or derisive name, nor make any noise or exclamation in his presence and hearing, with intent to deride, offend, or annoy him, or to prevent him from pursuing his lawful business or occupation." P. S., c. 264, s. 2. This provision originated with the act of 1885, entitled "An act in amendment of section 1 of chapter 269 of the General Laws [now s. 1, c. 264, P. S.], and to aid and protect the laboring and manufacturing interests of the state." Laws 1885, c. 76. The purpose of the act seems to have been to insure to persons freedom in the pursuit of their lawful occupations. Upon the revision of the statutes in 1891, the subject was incorporated into an independent section, and the provision was broadened in scope and purpose. Com'rs Rep. P. S., c. 263, s. 2. The place where the offence may be committed was changed from any street along which the person addressed may be passing, "to, from, or about his lawful business or occupation," to "any street or other public place" in which he may lawfully be. The purpose of the amended section was to preserve the public peace,—not merely to insure the freedom of labor. *State* v. *Brown*, 68 N. H. 200, 201. The presence of others than the offender and the person addressed is not necessary to complete the offence. Any noise or exclamation made in the presence and hearing of another, with intent to deride, offend, or annoy him, or to prevent him from pursuing his lawful business, is sufficient. A person is quite as likely to be prevented

from pursuing his business, or to be provoked to the commission of a breach of the peace, when such language is addressed to him in a common highway as when it is addressed to him in a city street. The wound, fear, or spirit of revenge produced by the language does not depend upon the locality where it is used. The circumstance of location — whether a street, highway, or other public place — does not affect the evil which the statute was designed to guard against.

The defendant relies on *State* v. *Hall*, 22 N. H. 384, and *State* v. *Stevens*, 36 N. H. 59, to support his position that he committed no offence within the meaning of the statute. Hall was charged with violating the provision of the statutes (then R. S., c. 113, s. 7; now P. S., c. 264, s. 8) that "no person shall without necessity . . . place or throw, or cause to be placed or thrown, into any . . . street, lane, alley, or public place, any wood, lumber, manure, dirt, or other matter that may impede the free passage of the same, and suffer the same to remain there two hours." He placed stones in a highway in Manchester, at a point a mile and a half or two miles distant from the thickly settled part of the city. It was held that he did not commit the offence charged, because the place where the stones were left was not a "street, lane, alley, or public place." The principal reasons given for the decision were that the words "street, lane, and alley" would not, in their usual acceptation, be understood to include a common highway; that the obstructions mentioned in the statute are of a kind that frequently impede passage in a street of a city or village, and seldom obstruct a common road; and that the short time required to complete the offence shows that the way or place intended was one in frequent use, as in a city or village. These reasons do not apply to the statute under consideration. There is no word in it, except "street," that is specially applicable in a city or village. The terms "street or other public place" naturally include a highway outside the compact part of a town. Such a highway is a public place in the sense that a street is one. As before stated, addressing offensive words to a person in a country highway is as likely to produce evil results as when it is done in a city street. The decision in *State* v. *Stevens* was rendered on the authority of *State* v. *Hall*. See, also, *Strafford County* v. *Dover*, 61 N. H. 617. Although these cases relate to offences against the police of towns, as does the one under consideration, and similar terms are used in them to describe the localities where the acts must be done to constitute the offences, they are valueless as authorities in this case because of the dissimilarity in the terms referred to, though slight, and especially because of the difference in the objects designed to be attained by the several provisions. The evidence regarding

this statute shows that, according to the legislative intent, any public highway may be the place in which the offence can be committed.

The defendant must be adjudged guilty in accordance with the agreement of the parties.

*Case discharged.*

All concurred.