## Commonwealth v. Moore.

*Common scold—Variance between complaint and indictment.*

1. The offense of being a common scold does not consist of a single act or a number of single acts, but is an habitual course of conduct. The element of continuity is essential. Therefore, an indictment for being a common scold cannot be founded on a complaint which alleges individual acts of misconduct on the street without any continuity.

2. An information must contain the essential elements of the offense set forth in the indictment.

Indictment for being a common scold. Motion to quash indictment. Q. S. Lancaster Co., Nov. Sess., 1927, No. 5.

*Oliver S. Schaeffer,* for motion.

*S. V. Hosterman,* Assistant District Attorney, contra.

GROFF, J., Dec. 31, 1927.—This is a motion to quash an indictment found against Ethel Moore in the Court of Quarter Sessions of Lancaster County, charging her with being a common scold.

The offense of being a common scold does not consist of a single act, or a number of single acts, but in habitual course of conduct. Therefore, the element of continuity is essential, and there must be a habit or practice of scolding: Com. v. Foley, 99 Mass. 497.

She, through her attorney, files a motion to quash on the ground, among others, that the indictment in this case does not conform with the complaint and return and there is a variance in substance between the indictment and the information. The indictment purports to set forth the offense of a common scold, whereas the complaint charges the defendant, at most, with only disorderly conduct.

An examination of the complaint shows that it alleges individual acts of misconduct on the street, without any continuity whatsoever, thereby failing to set out the necessary elements to constitute a common scold.

"It is well settled that the information must contain all the essential elements of the offense, or an indictment based upon it will be quashed, even though such indictment does contain them:" Com. v. Loreman, 46 Pa. C. C. Reps. 252; Com. v. Hastings, 43 Pa. C. C. Reps. 332.

We feel that here the complaint does not sufficiently inform the defendant that she may be put on trial for the crime charged in the indictment, and we, therefore, believe that the motion to quash should be sustained, and the indictment is quashed.

From George Ross Eshleman, Lancaster, Pa.