## MORRIS v. DISTRICT OF COLUMBIA.

### No. 67.

Municipal Court of Appeals for the District of Columbia.

May 11, 1943.

Rehearing Denied May 25, 1943.

---

Harry Friedman, of Washington, D. C., for appellant.

Vernon E. West, Principal Asst. Corp. Counsel, of Washington, D. C. (Richmond B. Keech, Corp. Counsel, and E. A. Beard, Asst. Corp. Counsel, both of Washington, D. C., on the brief), for appellee.

Before RICHARDSON, Chief Judge, and CAYTON and HOOD, Associate Judges.

HOOD, Associate Judge.

This is an appeal from a conviction of the offense commonly known as disorderly conduct. The statute,[1] in part, makes it unlawful for any person to use profane language or indecent or obscene words, or engage in any disorderly conduct in any street, avenue, or other public place.

The evidence was to the effect that the complaining witness and her escort, a member of the armed services, engaged a taxicab operated by the appellant to take them to the Union Station, that at the station the witness' escort left the cab and she instructed appellant to drive her to her home several miles away in the Northwest section of the District; that on the way appellant made certain suggestions and remarks to the witness of an indecent and obscene nature, and repeated the suggestions both en route and upon reaching their destination. This occurred at about 1:30 o'clock in the morning.

Appellant admitted he was the driver of the taxicab but denied making the remarks. The trial was without a jury and the court found appellant guilty.

Appellant's chief contention is that the taxicab was a private place at the time of the remarks, that an occupied cab at 1:30 A. M. cannot be considered a public place within the meaning of the statute, and,

therefore, no offense was committed. Undoubtedly, the statute is directed at conduct in public places. Such statutes commonly prohibit the use in public places of words which are lewd, obscene or profane, and insulting or "fighting" words, which when spoken face to face are likely to incite an immediate breach of the peace.[2]

Had appellant made the remarks to the complaining witness while she was standing in the street and preparing to enter the cab, there would have been a clear violation of the statute. Does the fact he made the remarks after she was in the cab make a difference? We think not.

A taxicab is a common carrier and public utility,[3] deriving its income from the use of public streets and avenues,[4] subject to the call of any member of the public,[5] and while often occupied by only one passenger or one group, it is common knowledge that today such vehicles may and frequently do carry a number of wholly unrelated and unacquainted persons. The fact that the complaining witness was the only passenger at the time is no defense. The presence of others than the offender and the person addressed is not necessary to complete the offense.[6]

We are satisfied that a public vehicle plying its business on a public street is a public place within the meaning of the statute.

Appellant also contends that his remarks did not constitute "profane language, indecent and obscene words." The record shows no use of profanity by appellant, but, without detailing appellant's remarks, we think there was ample justification for the trial judge finding such remarks indecent and obscene. The words "indecent" and "obscene" are not susceptible of exact definition,[7] and in determining whether the remarks of appellant were within the prohibition of the statute, the trial judge was entitled to consider all the surrounding circumstances, the time of the occurrence and the manner in which it oc-

[1] Code 1940, 22—1107.

[2] See Chaplinsky v. New Hampshire, 315 U.S. 568, 62 S.Ct. 766, 86 L.Ed. 1031.

[3] Terminal Taxicab Co. v. Kutz, 241 U.S. 252, 36 S.Ct. 583, 60 L.Ed. 984, Ann.Cas.1916D, 765.

[4] Jackie Cab Co. v. Chicago Park District, 366 Ill. 474, 9 N.E.2d 213.

[5] Anderson v. Yellow Cab Co., 179 Wis. 300, 191 N.W. 748, 31 A.L.R. 1197.

[6] State v. McConnell, 70 N.H. 294, 47 A. 267.

[7] Parmelee v. United States, 72 App.D. C. 203, 113 F.2d 729.

curred, the repetition of those remarks, as well as the lack of previous acquaintance.[8]

Finally, appellant complains the information also charged that "he attempted to engage in conversation a certain female who was then and there unknown to him," and that this charges no violation of the statute. It is not necessary for us to pass upon this question, since the information contains other specifications clearly within the statute.

Affirmed.

---

[8] People v. Yergan, 164 Misc. 83, 299 N.Y.S. 248.