Hillsborough
No. 7125

STATE OF NEW HAMPSHIRE

v.

PAULINE GAGE

November 30, 1976

*Warren B. Rudman,* attorney general, and *Robert V. Johnson II,* assistant attorney general *(Mr. Johnson* orally), for the State.

*Winer, Lynch, Pillsbury & Howorth (Mr. Robert W. Pillsbury* orally) for the defendant.

PER CURIAM. The defendant was indicted and convicted by jury of the offense of perjury committed on September 12, 1973, in violation of RSA 587:1-a (Supp. 1972) (Laws 1967, 358:1) by means of material statements made under oath in the Nashua District Court in the course of a prosecution of Martin Plute for violation of RSA 575:1, (Repealed eff. November 1, 1973). The indictment charged that the statements in question were made by the defendant "then well knowing and believing" that they were not true and "intending thereby to avoid or obstruct the ascertainment of the truth."

In the course of the trial of the defendant before *Flynn,* J., the defendant's motions for nonsuit and directed verdict were denied subject to exception, as was her motion to set the verdict aside. The issues presented by the defendant's exceptions were reserved and transferred by the presiding justice.

RSA 587:1-a (Supp. 1972) provided in pertinent part as follows:

> "Perjury by Single Statement. Whoever, in a trial . . . in which the making or subscribing of a statement is required or authorized by law, makes or subscribes a material statement under oath . . . when in fact the witness or declarant does not believe that the statement is true or knows that it is not true or intends thereby to avoid or obstruct the ascertainment of the truth, is guilty of perjury. It shall be a defense to the charge of perjury as defined in this section that the statement is true."

The issue with respect to one of three statements alleged by the indictment was withdrawn from consideration by the jury. The remaining two alleged statements, by reason of which the defendant was found to have been guilty of perjury were: (1) "I have no knowledge of a certain dead goose being in my freezer"; and (2)

"I never discussed a goose, nor the killing of a goose by Martin Plute, nor the disposal of a dead goose from my freezer, with any member of the Nashua Police Department, and particularly did not discuss the above with officer Kenneth Bryson of the Nashua Police Department."

At the trial the State called two witnesses, Officer Bryson of the Nashua Police Department and Aaron Harkaway, the Justice of the Nashua District Court who presided at the Plute trial.

Officer Bryson testified that in June of 1973, based on information received, he questioned the defendant concerning the disappearance of a goose owned by Mr. Herbert Bill of Nashua. He testified that the defendant then told him that Martin Plute was her boyfriend; that on the day the goose disappeared, he had taken the defendant's children to the area near Sandy Pond; that he had there killed the goose, and later placed it in her freezer; and that following local publicity which the case received, the defendant then removed the goose from her freezer and disposed of it. Bryson further testified that on September 12, 1973, in the course of the trial of Martin Plute and while under oath in the Nashua District Court, the defendant testified that she had no knowledge of a goose ever being in her freezer; that she had no reason to dispose of any goose and that she had never discussed the case with Officer Bryson or any member of the Nashua Police Department.

Justice Harkaway testified that in the trial in the Nashua District Court the defendant had denied all knowledge of the goose; denied the goose was ever in her freezer; indicated she had no reason to dispose of a goose; and denied ever discussing the matter with the police.

In support of her exceptions the defendant maintains first that the State failed to prove beyond a reasonable doubt that the statement "I have no knowledge of a certain dead goose being in my freezer" was false. Under the statute (RSA 587:1-a (Supp. 1972)) truth was an affirmative defense. Cf. RSA 641:1 I (a). The issue on trial was whether on the evidence it could be found beyond a reasonable doubt that the statement allegedly made by her under oath was made believing or knowing it to be false, or intending thereby to avoid or obstruct the ascertainment of the truth. On the evidence concerning statements made by the defendant to the officer in June 1973, the jury could reasonably find that her sworn testimony in September 1973 was false, and given with the intention of protecting the defendant Plute then on trial,

by obstructing the ascertainment of the truth.

Thus, the State submitted the June and September statements to the jury, relying on the probative force of the circumstances surrounding the giving of each. The jury could infer on the basis of those circumstances that the defendant's original statements made to Officer Bryson in June were the truth and consequently that the later statements made under oath were false. Nothing in RSA ch. 587 precluded this result. A conviction for perjury may be supported entirely by circumstantial evidence, *People v. Doody,* 172 N.Y. 165, 64 N.E. 807 (1902); *Marvel v. State,* 33 Del. 110, 131 A. 317 (1925); *State v. Woolley,* 109 Vt. 53, 192 A. 1 (1937), especially where, as here, one of the statements concerned the defendant's knowledge of a matter not susceptible of direct proof. *Behrle v. United States,* 69 App. D.C. 304, 100 F.2d 714 (1938); *see* Annot., 88 A.L.R.2d 852, 877 (1963); R. Perkins, Criminal Law 465 n.3 (1969). *See also State v. Canney,* 112 N.H. 301, 294 A.2d 382 (1972).

In view of the provision of RSA 587:1-d (Supp. 1972) dispensing with the common law rule which required proof of perjury by two witnesses, or corroborating circumstances when only one witness testified *(see Weiler v. United States,* 323 U.S. 606 (1945)), the evidence before the jury was sufficient to warrant conviction. *See* Annot., 88 A.L.R.2d 852 (1963); 60 Am. Jur. 2d *Perjury* § 63 (1972).

With respect to both statements alleged by the indictment the defendant argues that neither was "material" within the meaning of RSA 587:1-a (Supp. 1972). Under the statutory definition of "material" all that is required is that it shall appear that "the statement might affect some phase or detail of the trial . . . ." RSA 587:1-d (2) (Supp. 1972). Clearly the information which Officer Bryson testified was given to him by the defendant related directly to the issue of Plute's guilt or innocence. The defendant's denial under oath also went to Bryson's credibility. *State v. Norris,* 9 N.H. 96, 100 (1837); *see State v. Brown,* 68 N.H. 200, 201 (1894). As a result of the defendant's statements under oath, the charge against Plute was unsupported by evidence to support conviction and the charge was dismissed. That the defendant's statements might and did affect the trial is incontrovertible.

*Exceptions overruled.*

Bois, J., did not sit.