Edgerton, C. J.
The defendant was indicted in the Second District on June 2, 1881, for falsely making, transmitting and presenting a false affidavit to a United States officer with intent to defraud the United States, and for causing and procuring to be *132 falsely made and for aiding and assisting in the falsely making of a certain affidavit for the purpose of defrauding the United States.
This indictment was sought evidently to be brought under section 5479 or section 5418 of the Revised Statutes of. the United States, section 5479, which reads as follows:
“ If any person shall falsely make, alter, forge or cause or pro- “ cure to be falsely made, altered, forged, or counterfeited, or will- “ ingly aid or assist in the false making, altering, forging or coun- “ terfeiting any bond, bid, proposal, guarantee, security, official “ bond, public record, affidavit or other public writing for the “ purpose of defrauding the United States-, or shall utter or pub- “ lish as true any such false, forged, altered or counterfeited bond, “ bid, proposal, guarantee, security, public record, affidavit or “ other writing for the purpose of defrauding the United States, “ knowing the same to be false, forged, altered, or counterfeited, “ or shall transmit to or present at the office of any officer of the “ United States any such false, forged, altered or counterfeited “ bond, bid, proposal, guarantee, security, official bond, public “ record, affidavit or other writing, knowing the same to be false, “ forged, altered or countei’feited, for the purpose of defrauding “ the United States, shall be punishable by a fine of not more than “ one thousand dollars, or by imprisonment at hard labor for not “ more than ten years, or by both such punishments.”
This is substantially the same as section 5418, the former section adding to the clauses the words, “ or cause or procure to be “ falsely made, etc., or willingly aid or assist in the false making, “ etc.” The indictment charges: “ That on the twenty-fourth “ day of June, in the year of our Lord one thousand eight hundred <• and eighty, at a place in said district and territory, and within “ the jurisdiction of this court, one John D. Cameron, late of said “ district and territory, in the matter of a certain application of “ one Patrick Fleming, then and there made in the name of said *133 “Patrick Fleming, as claimant-before Benjamin F. Campbell,. “ register of United States land office at the town of Sionx Falls, “ in said district and territory, wherein the said Patrick Fleming “ then and there claimed the right of pre-emption under the laws “ of the United States, to the following described public lands “ thereof, to-wit: The northeast quarter of section number fifteen, “ of township number one hundred and eleven, north of range “ number sixty-one, west-of the fifth principal meridian, contain- “ ing one hundred and sixty acres, tíren and there unlawfully did “ cause and procure to be falsely made, and then and there unlaw- “ fully did willingly aid in and assist in the false making of a cer- “ tain affidavit and writing for the purpose of defrauding the “ United States.” *134 “ printed and written words and figures following, to-wit; ‘I “ hereby certify that each question and answer in the foregoing “ testimony was read to the claimant before he signed his name “ thereto, and that the same was subscribed and sworn to before “ me this 24th day of June, 1880.
*133 The indictment further charges that Patrick Fleming then and there made oath before the register of the United States land office, an affidavit for pre-emption which was false and untrue in all of its material allegations, as follows: “ And which said affi- “ davit and writing was then and there designated and known as “ ‘Pre-emption Proof Testimony of ■ Claimant,’ and on the back “ of which said affidavit and writing were then and there written “ and printed words and figures following, to-wit: ‘Pre-emption “ Proof Testimony of Claimant, Land Office at Sioux Falls, D. T., “ Cash No. 3184;’ and which said affidavit and writing was then “ and there subscribed and sworn to by one Patrick Fleming be- “ fore one Benjamin F. Campbell, then and there being the register “ of the United States land office, at the town of Sioux Falls, in “ said district and territory, he, the said Benjamin F. Campbell, “ then and there having sufficient and competent power and au- “ thority as such register, to administer said oath to the said Pat- “ rick Fleming in that behalf, and to which said affidavit and “ writing was then and there appended by the said Benjamin F. “ Campbell, register as aforesaid, the official certificate and- jurat “ of him, the said Benjamin F. Campbell as such register, in the
*134 “ [Signed.] B. F. Campbell,
“ Register
“'And which said certificate and jurat was then and there duly “ and lawfully subscribed and signed officially by the said Benja- “ min F. Campbell as register aforesaid; and which said falsely “ made affidavit and writing was then and there false and fraud- “ ulent in this: that in said falsely made affidavit and writing, he “ the said Patrick Fleming, then and there stated on oath in sub- “ stance and fact that he, the said Patrick Fleming, had made “ settlement on the following described public lands of the United “ States, to-wit: On the northeast quarter of section fifteen, of “ township number one hundred and eleven, north of range num- “ ber 61, west of the fifth principal meridian, containing one “ hundred and sixty acres, on the tenth day of June, in the year “ of our Lord one thousand eight hundred and seventy-nine, and “ that as his first act of settlement thereon he had built a shanty “ on said lands; whereas in truth and in fact, he, the said Patrick “ Fleming, had never at any time made any settlement whatever, “ or bxxilt any shanty on said above described lands; and which “ said falsely made affidavit and writing was then and there false “ and fraudulent in this: that in said affidavit and writing, he, the “ said Patrick Fleming, then and there stated on oath, in substance “ and fact, that subsequent to his said alleged first act of settle- “ ment, and before the said twenty-fourth day of June, in the year “ of our Lord one thousand eight hundred and eighty, he, the said “ Patrick Fleming, had made the following described improve- “ ments on said laud — namely, that he had broken ten acres of “ said land and dug a well on said land and planted corn on said *135 “ land, and bnilt on said land a house 'ten feet by fourteen feet in “ size, one story in height and having one door and two windows, “ and. that the value of said improvements was one hundred ££ dollars; whereas in truth and in fact, he, the said Patrick Flem- ££ ing, had never at any time broken any part of said land and had * ££ never at any time dug any well on. any part of said land, and had ££ never at any time planted any corn whatever on any part of said ££ land, and had never at any time built any house whatever on ££ said land and had never at any time made any improvements ££ whatsoever on said land; and which said falsely made affidavit ££ and writing was then and there false and fraudulent in this: ££ that in said affidavit and writing, he, the said Patrick Fleming, ££ then and there stated on oath and in substance and in fact that ££ the postoffice address of him, the said Patrick Fleming, was then “ on the said twenty-fourth day of June, in the year of our Lord ££ one thousand eight hundred and eighty, at the town of Huron, ££ in the county of Beadle, in the Territory of Dakota; whereas in ££ truth and in fact the postoffice address of the said Patrick Flem-£C ing was not then, on the twenty-fourth day of June, in the year “ of our Lord one thousand eight hundred and eighty, at the town ££ of Huron, in the county of Beadle, in the Territory of Dakota, “ and which said falsely made affidavit and writing was then and ££ there false and fraudulent in this: that in said affidavit and “ writing, he, the said Patrick Fleming, then and there stated on ££ oath in substance and fact that he, the said Patrick Fleming, ££ had first established his residence upon said described lands on ££ the tenth day of June, in the year of our Lord one thousand ££ eight hundred and seventy-nine, and had resided upon said land ££ continuously all the time, ever since the tenth day of June until ££ the twenty-fourth day of June, in the year of our Lord one ££ thousand eight hundred and eighty, and had used the said land “ as a farm and had broken and cultivated ten acres of said land ££ since his said alleged settlement; whereas in truth and .in fact, *136 “ he, the said Patrick Fleming, did not first establish his residence “ upon said described lands on the said tenth day of <June, in the year “ of our Lord one thousand eight hundred and seventy-nine, and “ had never at any time established any residence upon said land, “ and had never at any time resided upon said land, and had never “ at any time made any use whatever of said land, and had never “ at any time broken and cultivated any part of said land, and had “ never used said land as a farm; and which said falsely made “ affidavit and writing was then and there false and fraudulent in “ this: that he, the said John D. Cameron, unlawfully and for the “ purpose of defrauding the United States, did cause and procure “ the said Patrick Fleming to subscribe and swear as aforesaid to “ the said false and fraudulent statements in said affidavit and “ writing stated as aforesaid; and he, the said John D. Cameron, “ then and there well knowing the said affidavit and writing to be “ false as aforesaid; and he, the said John D. Cameron, then and “ there well knowing the false and fraudulent statements aforesaid, “ to be false and fraudulent as aforesaid; and he, the said John “ D. Cameron, then and there well knowing said falsely made “ affidavit and writing, then and there to contain said false and “ fraudulent statements, contrary to the form of the statute in “ such case made and provided, and against the peace and dignity “ of the United States.”
The other count in the indictment charges the defendant as follows: “And the grand jurors aforesaid, upon their oaths afore- “ said, do further present: That on the day and year aforesaid, “ at the place aforesaid, in said district and territory, and within “ the jurisdiction of this court, the said John D. Cameron unlaw- “ fully and for the purpose of defrauding the United States, did “ transmit to and present at and unlawfully and for the purpose “ of defrauding the United States, did. then and there cause and “ procure to be transmitted to and presented at the office of an “ officer of the United States — that is to say, at the United States *137 ‘2 land office and office of Benjamin F. Campbell, register of said « United States land office, at tbe town of Sioux Falls', in said dis- “ trict and territory, a certain false affidavit and writing, he, tbe 11 said John D. Cameron, then and there well knowing said affi- “ davit and writing to be false.”
To this indictment tbe defendant upon arraignment plead not guilty, but afterward upon leave granted withdrew bis plea of not guilty, and on January 10, 1882, demurred to tbe indictment as follows:
« Derrmrrer:
Fo. 3, April Term, 1881.
“ In tbe District Court in and for tbe Second Judicial District, “ Dakota Territory.
“ Tbe United States ) “ v. v “ John D. Cameron. \
“ And now comes tbe defendant upon-leave first obtained of the “ Court, and demurs to tbe indictment herein upon tbe grounds:
“ Fi/rst — Because it appears from inspection thereof that tbe “ court in which said indictment was found, was at-the time exer- “ cising tbe jurisdiction of a Circuit and District Court of tbe “ United States, instead of tbe jurisdiction of a District Court.
“ Second — Because said indictment does not state facts sufficient “ to constitute a crime or offense against tbe laws of tbe United “ States.”
After argument tbe demurrer was sustained and tbe prosecution sued out a writ of error to this court.
Tbe main question presented in this case is, whether section 5479 of tbe Revised Statutes of tbe United States, is a forgery statute ór whether it provides for tbe punishment of those who *138 make or assist in the making of affidavits which are genuine in themselves, but contain statements which are false and untrue, for the purpose of defrauding the United States.
If this statute is limited to forgery, then it cannot be claimed that this indictment is good. The statute provides that if any person shall falsely make, alter, etc., or “ shall utter or publish as “ true any such false, forged, etc.”
The statute prohibits the false making, etc. The indictment charges that the defendant aided and assisted one Fleming in making a certain affidavit which contained matters which were false. and untrue, with intent to defraud the United States, and with transmitting to an officer of the United States with intent to defraud the United States, an affidavit and writing which contained statements known to the defendant to be false and fraudulent.
Bouvier says, “ Forgery is a false making malo amimo of a “ written instrument for the purpose of fraud and deceit.”
Blackstone says, “ It is the fraudulent making.”
Every authority which I have been able to examine, makes forgery the false making or uttering or alteration of a written instrument purporting to be the act of some other person which it is not.
If the writing set forth in'full in the indictment be the genuine act of Fleming as therein stated, however false may be the statements contained in the writing, can it be said that the affidavit was falsely made? And if not falsely made, is the offense charged within the purview of the section of the Revised Statutes quoted? The Supreme Court of Minnesota, in the case of State v. Wilson, reported in 9th N. W. Rep., 28, say that “ Now, according to the “ ordinary and proper meaning of the words ‘false’ or ‘forged,’ as “ applied to a note or other instrument in writing,we always under- ‘ stand one that is counterfeit or not genuine, an instrument by “ which some one has attempted to imitate another’s personal act, *139 “ and by means of. such imitation cheat and defraud, and not the “ doing of something in the name of another which does not profess “ to be the other’s personal act, but that of the doer thereof who “ claims by the act itself to be authorized to obligate the individual “ for whom he assumes to act. This definition of the words ‘false’ “ and ‘forged’ is abundantly sustained by authority as the proper “ legal definition of these words.”
In the case of the United States v. Wentworth, reported in 11th Fed. Rep., 52, the defendants were indicted under this same section of the Revised Statutes, and upon a motion in arrest of judgment, the court, after setting out the words of the statute, says: “ The indictments in this case seem to have been framed upon the “ idea that the false making, mentioned in the statute, was in the “ nature of perjury, because, after reciting the affidavits, they go “ on to allege in what particulars they are false.” But we are satisfied it is not the construction of the statute. A little analysis and attention to its language makes this quite apparent. It says: “ If any person shall falsely make, utter, forge, or counterfeit.” Now the arrangement and connection of these words, putting the “ false making ” with other apt words to describe forgery, to-wit: altering, forging, counterfeiting, indicate its true intent and meaning — that it is aimed at forgery, and not at perjury.. Again: If any person shall falsely make, alter, forge, or counterfeit any bond, bid, etc.
Now what is the false making of a bond or bid? Certainly not taking a false oath, because the execution of a bond or bid requires no oath. To falsely make an affidavit is one thing; to make a false affidavit is another. person may falsely make an affidavit, every sentence of which may be true in fact; or he may actually make an affidavit, every sentence'of which shall be false. It is the false making which the statute makes an offense, and this is forgery as described in all the elementary books.
*140 The indictment does not charge that the affidavit was transmitted to or presented at any office or officer of the government of the United States m support of or im relation to any account or clcdm. There may possibly be a fair intendment of that, bnt no specific charge. If this had been the purpose of the pleader, the indictment in that particular is too indefinite to charge the defendant with the offense provided for in the last clause of section 5421 of the Revised Statutes.
The judgment of the District Court is Affirmed.
All the Justices concurring.