## STATE, Appellant, v. HAYES, Respondent.

### (159 N. W. 108.)

(File No. 3930.   Opinion filed August 29, 1916.   Rehearing denied
November 29, 1916.)

1.  **Criminal Law—Forgery—Revision of Statutes—Clerical Errors—
Construction.**

Pen. Code, Sec. 587, first appeared as Sec. 566 of Penal
Code of 1865, which latter section provided that "every of-
ficer * * * of any corporation, municipal or otherwise, **or** of
any joint-stock association, * * * who * * * willfully signs or
procures to be signed with intent to issue, * * * or who will-
fully issues * * * any false or fraudulent bond or other evi-
dence of debt against such corporation or association **or** any
instrument purporting to be a bond or other evidence of debt
against such corporation or association * * * , the
* * * issuing * * * of which has not been duly authorized
by the board of directors * * * is guilty of forgery in the
second degree." This section appeared in Pen. Code, 1877, as
Sec. 561, except that the italicised word "or" after the word
"otherwise" was omitted, and the italicized word "or" after
the word "association" read "of," and as so changed was car-
ried into Comp. Laws of 1887 (Sec. 6762), and into Rev. Pen.
Code 1903, as Sec. 587. **Held,** that such changes were mani-
festly clerical errors; and Sec. 566, Pen. Code 1864-5, is the
law at the present time.

2.  **Forgery—of Bank Deposit Certificate—False Certificate, Unauth-
orized Certificate, Distinguished—Demurrer—Statute.**

The owner had deposited in said bank a certain sum of
money, against and purported to be evidence of debt against
said bank, which said certificate was false, in that the owner
thereof did not deposit said sum but deposited a specified
smaller amount of money, with intent to defraud the bank and
which certificate had not been authorized by the bank directors
or officers. **Held,** upon demurrer to the information, that,
under Pen. Code, Sec. 587, providing among other things that
every officer of a corporation who wilfully issues any false
or fraudulent evidence of debt against such corporation, or any
instrument purporting to be an evidence of debt against
such corporation, the issuing of which has not been duly auth-
orized by the board of directors or officers of the corporation
having authority to issue same, is guilty of forgery. Said action
covers at least two offenses:   (1) the issuance, sale or pledge
of any false, or fraudulent evidence of debt against a corpora-
tion or association; (2) the issuance, sale or pledge of any
instrument (not false nor fraudulent) purporting to be an
evidence of such debt, the issuing, sale or pledging of which

has not been duly authorized by the directors; that the second class of instruments do not relate to "a false or fraudulent bond or other evidence of debt," and that so much of the information as refers to the lack of authorization by the board of directors is surplusage.

McCoy, J., dissenting.

3. Forgery—"False Instrument," Instrument Containing False Statements, Designation—Statute.

Under Pen. Code, Sec. 587, providing that the willful issuance by the officer of a corporate bank of any false or fraudulent evidence of debt against the corporation, or instrument purporting to be an evidence of such debt, the issuance of which has not been duly authorized by the board of directors or officers of the bank having authority to issue same, is guilty of forgery, held, that the willful issuing by a bank officer of a certificate of deposit in an amount in excess of the actual deposit renders the instrument false evidence of debt within the meaning of said section; that a distinction exists between a false instrument and one which contains false statements, and such statute does not cover the latter case.

McCoy, J., dissenting.

Appeal from Circuit Court, Stanley County. Hon. LEVI McGEE, Judge.

The defendant, John Hayes, was informed against for forgery. From an order granting a motion in arrest of judgment, and discharging defendant from custody, the state appeals. Reversed, and defendant ordered sentenced under the judgment.

*Clarence C. Caldwell*, Attorney General, *F. W. Lambert*, State's Attorney, (*Gaffy & Stephens*, of counsel), for appellant.

*Philo Hall*, and *A. K. Gardner*, for Respondent.

(1) To point one of the opinion, Appellant cited: Code Civ. Proc., Sec. 229; Laws 1913, Chap. 242.

(3) To point three of the opinion, Appellant cited: Pen. Code, Sec. 587, 585; 4 Blackstone's Commentaries, 247; 2 Bishop's Crim. Law, Sec. 585; 1 Bishop's Crim. Law, Sec. 572; Commonwealth v. Wilson, 89 Ky. 157, 25 Am. St. Rep. 528; Commonwealth v. Wilson, 80 Ky. 157, 25 Am. St. Rep. 528; People v. Filkin, 126 N. Y. 548, 68 N. E. 1120 (Affirming 83 N. Y. App. Div. 589, 82 N. Y. Suppl. 15 which see); Ex parte Hibbs, 26 Fed. 421; Luttrel v. State, 85 Tenn. 232, 4 Am. St. Rep. 760.

Respondent cited: Pen. Code, Sec. 587; U. S. v. Cameron, 3 Dak. 132, 13 N. W. 561; U. S. v. Moore, 60 Fed. 739; People

v. Bendit, (Cal.) 31 L. R. A. 831; People v. Cole, (Cal.) 62 Pac. 274; Ty. v. Gutierrez, (N. M.) 5 L. R. A. (N. S.) 375; State v. Wilson, (Minn.) 9 N. W. 28; State v. Young, (N. H.) 80 A. D. 212; U. S. v. Glasener, 81 Fed. 566; 2 Wharton's Criminal Law, Sec. 884; 19 Cyc. 1373.

GATES, J. In this case the jury found the defendant guilty of the crime of forgery in the second degree under the provisions of section 587, Pen. Code, pursuant to an information the material parts of which are as follows:

"The said John Hayes, then and there being an officer of a corporation, to-wit, the president and a director of Citizens' State Bank, a banking corporation of Ft. Pierre, county of Stanley and state of South Dakota, organized and existing under and by virtue of the laws of the state of South Dakota, did within said county and state willfully, knowingly, and feloniously sign and issue a certain evidence of debt, to-wit, a certain certificate of deposit, in words and figures as follows, to-wit: 'Certificate of Deposit. Ft. Pierre, S. D., August 5, 1912, No. 62. This certifies that E. R. Hayes has deposited with Citizens' State Bank, Ft. Pierre, S. D., $2,000.00 (two thousand dollars), payable in current funds to the order of herself on the return of this certificate properly indorsed, interest after December 5, 1912, with interest at 6 per cent. if left 4 months; no interest after one year. Not subject to check. John Hayes, Pt.'—against and purporting to be evidence of debt against said Citizens' State Bank, a corporation, which said certificate of deposit was then and there false in this, that the said E. R. Hayes, in truth and fact, did not, on said 5th day of August, 1912, deposit the sum of $2,000 with said Citizens' State Bank, as in said evidence of debt recited and that the only sum of money by said E. R. Hayes in said bank on said day deposited was the sum of $10, as said John Hayes then and there well knew, which said false evidence of debt was by the said John Hayes then and there signed, and issued with intent to defraud the said Citizens' State Bank, a corporation and which said evidence of debt was not theretofore or at all authorized by the board of directors or other managing body or officers of said Citizens' State Bank."

[1] Section 587, Pen. Code, first appeared in this jurisdic-

tion as section 566 of the Penal Code adopted January 11, 1865. As then adopted it read as follows, the italics being ours:

"Sec. 566. Every officer, and every agent of any corporation, municipal, or otherwise, *or* of any joint-stock association formed or existing under or by virtue of the laws of this territory, or of any other state, government, or country, who within this territory willfully signs or procures to be signed with intent to issue, sell, or pledge, or to cause to be issued, sold or pledged, or who willfully issues, sells or pledges, or causes to be issued, sold or pledged any false or fraudulent bond or other evidence of debt against such corporation or association *or* any instrument purporting to be a bond or other evidence of debt against such corporation or association, the signing, issuing, selling, or pledging of which has not been duly authorized by the board of directors or common council or other managing body or officers of such corporation having authority to issue the same, is guilty of forgery in the second degree."

That section appeared in the Revised Penal Code of 1877 as section 561. It was there the same except that the italicized word "or" where it appears after the word "otherwise" was omitted, and the italicized word "or" where it appears after the word "association" was made to read "of." The wording of the section in the 1877 Code was carried forward into the Compiled Laws of 1887 (section 6762) and in the Revised Penal Code of 1903. These changes were manifestly clerical errors, and we hold that section 566 of the Penal Code of 1864-65 is the law at the present time, with the substitution, of course, of the word "state" for "territory."

Defendant filed a demurrer to the information upon the ground, among others, that the facts stated in the information did not constitute a public offense, which demurrer was overruled by the trial court, Hon. John F. Hughes, presiding. Thereafter the cause was tried, Hon. Levi McGee, presiding. After the conviction the defendant filed a motion in arrest of judgment based upon the same grounds as the demurrer. The trial court granted the motion in arrest of judgment and discharged the defendant from custody. From this order the state appeals.

[2] It is the contention of respondent that section 587, Pen. Code, covers substantially only one offense; that the instrument

must not only be false or fraudulent, but also unauthorized; that therefore this staute can be held to apply only to bonds, warrants, and such other instruments as require the authorization of a board of directors before they can be lawfully issued; that the falsity of the instrument goes not to the truth of its contents or recitals, but to the question whether it was issued without authority; that certificates of deposits are not such instruments as require the authorization of the board of directors of a bank before issuance; therefore that the absurd condition arises that, if said section does apply to this kind of transaction, it necessarily follows that a board of directors has authority to authorize a false or fraudulent evidence of debt. In other words, respondent contends, and he claims to be supported therein by the language of the information that the words "the signing, issuing, selling or pledging of which has not been duly authorized by the board of directors," etc., apply to and govern a "false or fraudulent bond or other evidence of debt."

We do not so construe section 587, Pen. Code. As we view it, this section covers at least two distinct offenses: (1) The issuance, sale, or pledge of any false or fraudulent evidence of debt against a corporation or association; (2) the issuance, sale, or pledge of any instrument (not false nor fraudulent) purporting to be a bond or other evidence of debt against the corporation or association, the issuing, selling, or pledging of which has not been duly authorized by the board of directors. We hold that the second class of instruments do not relate to a "false or fraudulent bond or other evidence of debt," and that so much of the information as refers to the lack of authorization by the board of directors may be considered as surplusage.

[3] It is further urged by respondent that because the instrument was the genuine act of respondent it was not a false instrument; that there is a distinction between a false instrument and one which contains false statements; and that the statute does not cover the latter case. There is a distinction between the false making of an instrument and the making of a false instrument, as has been determined by many of the adjudications of the courts, but this statute under consideration differs from the statutes of many of the states in that it relates, not to the false making or issuing of the instrument, but to the making or issuing

of a false or fraudulent instrument. If A, not an officer of the bank, had signed the name of John Hayes to the certificate of deposit, and A. had issued the certificate, he would have been guilty of forgery in the first degree under section 575, Pen. Code, for forging the signature of John Hayes, but he would not have been guilty under section 587, Pen. Code, for issuing the instrument, because this section applies only to officers or agents of the corporation or association.

It is clear to us that the willful issuing by a bank officer of a certificate of deposit in an amount in excess of the actual deposit renders the instrument a false evidence of debt within the meaning of section 587, Revised Pen. Code 1903. The trial court was right in overruling the demurrer to the information, and erred in granting the motion in arrest of judgment.

The order appealed from is vacated, and the trial court is directed to cause the defendant to be sentenced for the crime of which he was found guilty by the jury.

McCOY, J. (dissenting). I am unable to concur in the construction that is given to section 587, Penal Code. It must be observed that this section is expressly made and denominated a forgery statute. There are many definitions of forgery to be found in the law books the essential substance of all of which is that forgery is the doing of an act, by one person, purporting it to be the act of another, which, as a matter of fact, it is not. What constitutes the forgery comprehended within this section of our Penal Code is the doing of an act by an agent or officer of a corporation purporting to be the act of the corporation. The effect of this section is to make criminal the act of any agent or officer of any corporation who issues any false or fraudulent instrument of indebtedness purporting it to be the act of the corporation, when, as a matter of fact, it is not. If the act is consented to by the corporation, it necessarily follows that it is then the act of the corporation, and not the act of the alleged forger. Of course, a corporation can only act through agents, and if the corporation gives its consent to the act, such consent can only be given by some agent of such corporation. This section of our statute expressly provides and specifically points out what agents of the corporation may give such consent. It must also be observed and taken into consideration that no person other than

an officer. or agent of a corporation is authorized to be convicted of forgery under this section. The corporation is the principal in the transaction which constitutes . the forgery.    Forgery, like larceny, embezzlement, and some other crimes, is committed directly against the property rights of another person, as distinguished from criminal acts committed against society generally. The criminal act of forgery, comprehended within this section, is committed directly against the property rights of the corporation. In other words, the corporation is .the person whose purported act is forged.    I am unable to subscribe to the doctrine that that portion of the information which states that the certificate of deposit was. issued without the authority of the. board of directors may be considered as surplusage.    Neither. can I concur in the doctrine that this section of our statute comprehends an offense of forgery of a corporate act which may be committed with the consent of the board of directors, or other governing. body.    When you take from this information and from this statute the lack of authority or consent of the corporation whose act is purported to have been forged, you take from the information and the statute the substantive element—the very thing that makes forgery of it.    The want of authority from the person whose act is purported to have been forged is the very substantial thing which makes the act false and fraudulent within the eye of the law of forgery.    If the. person whose act is purported to have been forged consented thereto, it is not a forgery at all; it is not then a false or fraudulent act or instrument as against the purported maker.    This statute specifically points out the class of agents of the corporation that may give its consent to the issuance of such instruments as are comprehended . therein.    There is no distinction made by this statute as to consent or nonconsent in relation to the different classes of instruments that might be forged under its provisions. They are all in the same category so far as consent is. concerned. Distinctions not made by the statute itself should not be read into a statute of this character.    The principle here involved is strongly stated by Taft, J., in United States v. Youtsey (C. C.) 91 Fed. 864, a prosecution under section 5209, Fed. Rev. Stat. (U. S. Comp. St. 1913, § 9772), relating to certain fraudulent acts, including the issuance of certificates of deposit by agents and officers of national banks without authority from the board of

directors or other governing body. In that case the court said:

"The principle on which rests the requirement that the government shall show that there was no consent by the board of directors to the defendant's acts before conviction is that one cannot steal what is given him, and cannot embezzle that which his principal consents that he may take. The question here really is, Did the bank consent, by its governing board, * * * to the acts of Youtsey, which are charged to be criminal, before they were done, or at the time? If so, then he cannot be held on these charges."

Now, the Citizens' State Bank, as shown by the information, was the principal of the defendant, whose act defendant is alleged to have forged, by means of falsely or fraudulently purporting the act of defendant, in issuing the certificate of deposit, to be the act of the bank. If the defendant's principal consented to said act, by its board of directors, no matter how fraudulent the act might have been generally, it was not a forgery. In State v. Lurch, 12 Or. 95, 6 Pac. 405, the Supreme Court of Oregon held that a writing that had been consented to by the purported maker was not a forged instrument; that it was not a false or fraudulent instrument, within the law of forgery, as against the purported maker. In the case of United State v. Britton, 108 U. S. 193, 2 Sup. Ct. 526, 27 L. Ed. 701, another prosecution under section 5209, Fed. Stat., where it was contended that the act created an offense which might exist with the consent of the board of directors, that it was not necessary for the prosecution to show consent, it was held that the point so raised by the prosecution was not well taken. A reading of section 5209 will disclose much stronger reasons for such a contention than can possibly exist as to section 587, in question. If the bank by its board of directors consented to or in any manner authorized defendant to issue the certificate of deposit, it was then the certificate of deposit of the bank, and not the forged act of defendant. If the bank by its governing body in any manner consented to the issuance of this certificate of deposit, the transaction then lacked that inherent substance necessary to constitute it a forgery, as it would then have been the genuine instead of the purported act of the corporation. The genuine act so participated in by the agent with the consent of the board of directors might have been fraudulent and crim-

inal on the part of the agent as well as on the part of the board of directors, under other criminal stautes, but it was not forgery. Leslie v. State, 10 Wyo. 10, 69 Pac. 2, 65 Pac. 849; 2 Russell on Crimes, 1624. Section 587 was never intended to be a general statute against all kinds of general frauds committed by officers and agents of corporations. It is purely and only a forgery statute.

There is but one crime attempted to be created by section 587, but which offense may be committed by the issuance of different kinds of evidence of indebtedness. There is no distinction made by this statute between the different kinds of instruments that may be the subject of forgery thereunder. So far as the question of consent is concerned, all the different kinds of instruments that may be the subject of forgery under this statute stand on the same footing, unless you read into the statute a distinction not appearing from the statute itself. The wording of this statute that "the issuance, sale or pledge of a false fraudulent evidence of debt against a corporation" standing alone, by itself will not constitute any kind of forgery under this statute, as seems to be held by the majority opinion where such opinion seeks to designate the two crimes claimed to exist within this section of statute law, for the reason that these words can only constitute a forgery at all in connection with the following words of the section "purporting to be the bond or other evidence of debt of the corporation." You should not isolate portions of a criminal statute and give such isolated portion a separate construction apart from the other portions of the same section of statute. We must not lose sight of the proposition that this is a forgery statute, and that forgery consists in the doing of an act, by one person, purporting it to be the act of another, and that this is the kind of forgery contemplated and comprehended within the express terms of this section. The use of the clause "the issuance, sale or pledge of a false or fraudulent evidence of debt against a corporation" must be interpreted and construed in the light of all the surrounding words and company in which it is found. 36 Cyc. 1118. There can be no forgery under this statute unless the forged act falsely purports to be the act of the corporation. There can be no forgery under any forgery statute if the person whose purported act it is consented thereto. Hence the use of the

succeeding words of this statute, "which has not been authorized by the board of directors." If, as contended, the only consent required by this statute relates only to bonds isued by the officers of a municipal corporation, and does not relate to certificates of deposit and other like instruments issued by the agents of a banking corporation, then the use of the words "board of directors" in this statute becomes wholly meaningless. It was the evident intent of the legislative mind to comprehend and include within this section the acts of officers and agents of both public and private corporations with apt words applying to each class of such corporations. As applied to private corporations, such as banks, this section, in concrete, says:

"Every officer and every agent of any corporation who willfully issues, sells or pledges, or causes the same to be done, any false or fraudulent evidence of debt against such corporation, purporting to be the evidence of debt against such corporation which has not been duly authorized by the board of directors, is guilty of forgery."

Now, it is a matter of common knowledge that corporations can only act at all through officers and agents, and could give consent to the issuance of an instrument of indebtedness against it only through such officers and agents. This statute specifically and expressly designates the particular officers and agents of a private corporation that may authorize the act which would otherwise, if not consented to, constitute a forgery. I am of the view that the legislative mind that constructed this section of statute law understood and had in view the general principles governing the law of forgery and the law of corporations. The false or fraudulent acts in this statute, the same as in any other forgery statute, relates to the falsity or fraud in purporting the act to be that of another, as the false and fraudulent purporting the act to be that of another is the substantive gist of the crime of forgery, as this section has no reference to false and fraudulent acts generally. The element of fraud and deception enters into larceny, embezzlement, obtaining property under false pretenses, and other like crimes, but must be applied in each particular case in connection with the gist of the criminal act.

It appears from the record that the certificate of deposit in question was issued for $2,000, when only $10 had been deposited

by a third party to whom the certificate was issued. To the extent of $10 this certificate was genuine. The particular act here before the court consists in the defendant having raised the amount of a genuine certificate from $10 to $2,000. Whether the amount of this certificate was so raised for the purpose of deceiving the bank examiner or for the purpose of stealing or embezzling or otherwise abstracting the assets of the bank does not appear. The defendant in this case had the lawful right to issue the certificate for the amount of $10. But it is said that he fraudulently raised it to $2,000. This precise point is considered in the case of People v. Reinitz (Gen. Sess.) 6 N. Y. Supp. 672. That was a prosecution under a statute which in substance defined forgery to be the false and fraudulent making of any instrument in writing purporting it to be the act of another. In that case defendant was the agent of a corporation authorized to fill up checks for his expenses and other purposes of his own. He filled up a check for a largely excessive amount. The court held in that case that the fact alone that the transaction was fraudulent did not make forgery of it.

Neither can I concur in the doctrine contained in the following portion of the majority opinion:

"There is a distinction between the false making of an instrument and the making of a false instrument, as has been determined by many of the adjudications of the courts, but this statute under consideration differs from the statutes of many of the states in that it relates, not to false making or issuing of the instrument, but to the making and issuing of a false or fraudulent instrument."

Again I am of the view that isolated portions of a statute should not be considered by themselves. Keeping in mind that this is a forgery statute, and that forgery consists in doing an act by one person purporting it to be the act of another, the distinction sought to be made by the majority opinion is only the difference between tweedledee and tweedledum. It is a distinction without any difference when we view the entire section. Construed under all the elementary principles of forgery law, it is the issuing of a false or fraudulent instrument purporting it to be the act of another that constitutes the forgery; that is the false and fraudulent thing that makes forgery of it. I am of the

view that the following language used in United States v. Cameron, 3 Dak. 132, 13 N. W. 561, is applicable to the case present:

"Now, what is the false making of a bond or bid? Certainly not taking a false oath, because the execution of a bond or bid requires no oath. To falsely make an affidavit is one thing; to make a false affidavit is another. A person may falsely make an affidavit, every sentence of which may be true in fact; or, he may actually make an affidavit, every sentence of which shall be false. It is the false making which the statute makes an offense, and this is forgery as described in all the elementary books."

It is only the false making of an instrument that can by any possibility be forgery, just like the false making of an affidavit might constitute forgery, but the making of a false affidavit would never constitute anything else other than perjury. This proposition is well considered in State v. Leslie. The false and fraudulent instrument may be genuine, in that it is the authorized act of the purported maker, in which case it cannot be forgery at all, but may constitute a fraudulent element of some other crime. It is the false or fraudulent issuing or making of an instrument purporting to be the act of another that makes forgery of it, and when you couple all these elements together in a forgery statute, it becomes immaterial whether the words "false or fraudulent" precede or succeed the words "issuing or making." The making of a false or fraudulent instrument, standing alone, is not forgery. If the purported maker authorized and consented to it, it is neither false nor fraudulent as to him. The transaction is thereby robbed of that which would otherwise make it a forgery. Falsely or fraudulently purporting the instrument to be the act of another, when as a matter of fact it is not, is what constitutes false or fraudulent making or issuing in the eye of the law of forgery. The words "false or fraudulent" are coupled together in this statute in question as equivalent or synonymous terms. If the purported maker as a matter of fact authorized and consented to the making of the- instrument, although it was actually made by the hand of another, it is the act of the purported maker, and therefore not false or fraudulent as to him, however otherwise false or fraudulent such instrument may be; under such circumstances it is not a forgery.

I am constrained to the view that my dearly beloved Asso-

ciates have wandered far away from the fundamental principles of the law of forgery.