ZINTER, Justice
(concurring in part and concurring in result in part).
[¶ 40.] I join the Court’s opinion on issue one (perjury) and issue three (sufficiency of the evidence). I concur in result on issue two (false instruments).
[¶41.] On issue two, the question is whether the nominating petitions at issue were false instruments. Under SDCL 22-11-28.1, a “false instrument” must be one that is not “genuine.” Id. (prohibiting the offering of a “false ... instrument ... for filing, ... which instrument, if genuine, could be filed” (emphasis added)). A thing is genuine if it is “authentic or real” or if it has “the quality of what a given thing purports to be or to have”; a genuine instrument is also one that is “free of forgery or counterfeiting.” Black’s Law *703 Dictionary (10th ed. 2014). There is no claim here that Bosworth’s petitions were forged or counterfeit. Therefore, Bosworth could be convicted of filing a false instrument under SDCL 22-11-28.1 if her petitions lacked the qualities of what nominating petitions purport to be or to have.
[¶ 42.] Bosworth’s petitions were not what they purported to be because Bos-worth verified petitions as the circulator even though they had been circulated by someone else. Nor did they have the qualities of what nominating petitions purport to have because they did not contain the signatures of voters the circulator obtained. That type of falsehood was more than just an untrue statement of fact. Like the falsehood in State v. Hayes, 37 S.D. 530, 534-35, 159 N.W. 108, 109-10 (1916), Bosworth falsified the very essence of what the petitions purported to represent. See Larson v. Hazeltine, 1996 S.D. 100, ¶ 23, 552 N.W.2d 830, 836 (noting that one of the purposes of the circulator’s verification is “to allow potential challengers to contact the circulators to verify the signatures”). Because Bosworth’s statements were materially false, the petitions were not genuine, which rendered them false instruments within the meaning of SDCL 22-11-28.1. I would hold that the petitions were false instruments for these reasons alone.
[¶ 43.] I cannot join the Court’s additional analysis suggesting that documents become “false instruments” merely because they contain some “untrue statements of fact.” Supra ¶¶26, 31. SDCL 22-11-28.1 requires more: the document must not be “genuine.”
[¶ 44.] I also do not agree with the Court’s reliance on two cases. First, in my view, Reaser v. Reaser is not authoritative here because in that case, we merely stated in dicta that a divorce stipulation “could conceivably violate SDCL 22-11-22.” 2004 S.D. 116, ¶ 20, 688 N.W.2d 429, 435. We never analyzed the meaning of “false instrument,” much less concluded that the stipulation was in fact a “false instrument.” Second, the Court’s opinion stretches Gilbert v. United States beyond its holding. In that case, the Supreme Court only concluded that false statements do not create a forgery. Gilbert v. United States, 370 U.S. 650, 658-59, 82 S.Ct. 1399, 1404, 8 L.Ed.2d 750 (1962). Nothing in Gilbert supports the proposition that an instrument containing untrue statements is a “false instrument.”