### THE STATE v. DAVIS.

**Criminal Evidence :** CONTRADICTORY STATEMENTS OF WITNESS OUT OF COURT : INSTRUCTION. Defendant was charged with an assault with intent to commit murder. His wife gave evidence on the trial tending to prove that he acted in self-defense. In rebuttal the state introduced evidence of statements made by her before the trial, which were inconsistent with her testimony, and which, if true, showed defendant to have been the aggressor. *Held* that such rebutting evidence was admissible only as affecting the credibility of the witness, and that an instruction (see opinion), from which the jury might infer that it was to be considered in deter. mining the question of self-defense, was erroneous,

*Appeal from Lucas District Court.*—HON. DELL STUART, Judge.

FILED, JUNE 1, 1888.

THE defendant was accused by indictment of the crime of assault with intent to commit murder. The jury found him guilty of assault with intent to commit manslaughter, and the court pronounced judgment against him on the verdict, and he appeals.

*Mitchell & Penick*, for appellant.

*A. J. Baker*, Attorney General, for the State.

REED, J.—Defendant's wife, who was present at the occurrence in question, gave evidence on the trial, and her evidence tended to prove that defendant, in the transaction, acted in self-defense. In rebuttal, the state introduced evidence which tended to prove certain statements or admissions made by her before the trial, which it was claimed were inconsistent with her testimony. The court gave the following instruction : "There has been some evidence of statements by witnesses in conversations shortly after the trouble in controversy.

The State v. Davis.

Admissions and statements made by parties in conver-
sations should be received and considered carefully. All
due allowance should be made for a possible misunder-
standing of what the party said, or of the failure of
memory to correctly retain just what was said.    Admis-
sions and statements in loose and random  conversations
are considered  to be of  an  inferior grade  of  evidence.
But when the evidence is clear and satisfactory, and the
admission or statement was clearly understood  and cor-
rectly retained by the memory of the witness, and clearly
stated by him, then the evidence is entitled  to the same
weight and consideration as other satisfactory evidence.''
This instruction was calculated  to  mislead  the  jury.
They would understand that it laid down a rule for their
government in  considering  the  evidence with  reference
to the statements and  admissions of  defendant's wife;
for that was the only  evidence in  the  case  to which it
could have had reference.   They would also understand
that, if the alleged statements were proven, they were to
consider them  in the determination of the case ; and,
abstractly, that is correct.   But the vice of  the  instruc-
tion is that it gave the jury no direction as to the subject
to which  the  evidence was  applicable.   If the  witness
made the statements attributed to her, and they are
true, the defendant was the aggressor ; and, under the
instruction, the jury doubtless  understood that they
were to consider them, if they found them proven, in
determining that question. But, as it is, they were mere
hearsay.   The state was  entitled  to introduce the evi-
dence as affecting the credibility of the witness, but for
no other purpose, and the jury should have been so
instructed.   It is true, the court, in another instruction,
told the jury that a witness might be impeached by
proof of statements made by him at other times contra-
dictory of his testimony.    But they were  not told that
the evidence of contradictory statements could be con-
sidered only in that connection. The vice of the instruc-
tion was therefore not cured.

REVERSED.