STATE OF IOWA, Appellee, v. STEWART C. BROWN, Appellant.

**Perjury:** MATERIALITY OF TESTIMONY. Where the court has jurisdiction of the crime sought to be charged and of the person, the defendant, by proceeding to trial without objection on an information which fails to charge the crime, waives the defect, and perjury may be assigned on his false testimony the same as though the crime had been legally charged.

**Same.** To constitute perjury for false swearing in the trial of a cause the fact sworn to need not be material to the main issue; but if it be conducive to the point in issue or a guide to the court or jury, even though circumstantial, it is perjury.

**Perjury:** INDICTMENT. On a prosecution for perjury based on the testimony of defendant that he had paid certain money to prosecutrix, the allegation of the indictment is held sufficient to negative the truth of the matter sworn to.

**Grand jury:** DEPRIVATION OF RIGHT TO CHALLENGE: REMEDY. Although an accused is not given an opportunity to challenge the grand jury, yet he cannot take advantage of the error by a motion in arrest of judgment; the objection should be raised by plea in abatement, motion to set aside, or to quash the indictment.

**Failure to indict:** SUBSEQUENT INVESTIGATION. Where a grand jury fails to indict it has no authority to continue the case, but the accused is entitled to a discharge; and the succeeding grand jury may take up the case anew, though the court made no order resubmitting the same.

**Arrest of judgment.** Where there is no showing that a grand jury which returned an indictment was prejudiced by reason of the fact that a prior grand jury considered the case, a

motion in arrest of judgment based on the ground of such prior consideration should be overruled.

**Evidence:** IMPEACHMENT. The fact that a wife was a witness before the grand jury which returned an indictment against her husband, did not preclude the state from discrediting her testimony given upon the trial as a witness for the defendant by showing that her evidence was contradictory of her statements before the grand jury, there being no suggestion in the objections to the impeaching testimony that she was not a voluntary witness before the grand jury.

*Appeal from Iowa District Court.*—HON. O. A. BYINGTON, Judge.

TUESDAY, March 7, 1905.

INDICTMENT for perjury. Trial to a jury. Verdict and judgment of guilty, and defendant appeals.— *Affirmed.*

*Tom H. Milner* and *Thomas Stapleton,* for appellant.

*Charles W. Mullan,* Attorney General, and *Lawrence De Graff,* Assistant Attorney General, for the State.

DEEMER, J. Defendant, Brown, had a contract with the United States government for carrying the mail between Marengo and Belle Plaine. He sublet this contract to one Fields, and Fields assigned his right therein to one Henry. As the government did not recognize these assignments, it sent its warrants for each quarter's work to Brown, and he either collected the money thereon and paid it over to Henry, or indorsed the warrants and delivered them to Henry shortly after he received them. Defendant turned over all the warrants or the money received thereon save the last, which covered a fractional quarter, as we understand it. The amount thereof was $41.60. This he did not, it is claimed, turn over to Henry, because, as he (Brown) asserted, Henry was owing him an unsettled account. After much parleying over the matter, Henry finally had Brown

arrested, charging him with having obtained the money
under false pretenses. The information was filed before
a justice, and, in addition to the facts above recited, it stated
that Brown promised and agreed to indorse all warrants is-
sued by the government over to Henry; that he turned them
all over save the last, which he received, and fraudulently
converted to his own use, under a false promise that he
would take the draft, indorse the same, and turn it over to
Henry. It appears that the county attorney refused to have
anything to do with the charge, and that Henry prosecuted
it on his own behalf. On the trial of that charge defendant
testified that he paid the money called for by the warrant
to Henry at Marengo, Iowa, in the year 1903, by delivering
to him four ten-dollar bills, one silver dollar, one fifty and
·one ten cent piece. As a result of that trial, defendant was
acquitted. Preliminary information was thereupon filed
against him before a magistrate, and on an examination into
the charge he was held to answer to a grand jury, which
was to sit at the October, 1903, term of the district court
of Iowa county. That grand jury did not return an in-
dictment, but the one sitting at the next January, 1904,
term did make a presentment for the crime of perjury,
which is the one on which defendant was convicted, and on
which the judgment was rendered from which he appeals.
This indictment charges the defendant with having com-
mitted perjury in swearing to the payment of the money
to Henry, and of this he was convicted. Several proposi-
tions are relied upon for a reversal.

I. First, it is argued that, as defendant was not given
an opportunity to challenge the grand jury which returned
the indictment against him, his motion in arrest of judg-
4. GRAND JURY:   ment, based thereon, should have been sus-
deprivation of   tained. There is a controversy between
right to chal-
lenge; remedy.   counsel as to the·record with reference to this
matter, and we have gone to·the transcript, which has been
certified under the rule for our inspection. From this it

appears that the grand jury for the October, 1903, term of court, took up defendant's case, but for some reason did not conclude its investigations, and continued the same until the next January, 1904, term, returning the files to the clerk of the district court, with the indorsement of the order of continuance thereon. Defendant made no objection to the continuance, and he did not ask for his release. The grand jury for the January, 1904, term of court, was duly and legally impaneled and sworn as provided by law; and the record does not show whether or not defendant was given an opportunity to challenge this grand jury, or the individual members thereof. There is no sufficient showing that the January grand jury took any of the papers used by the October grand jury, or that it had any of these matters before it, or considered any of the evidence taken by the grand jury sitting in October. There was no order of the court recommitting the defendant or resubmitting his case to the January grand jury. It is sufficiently shown, however, that defendant was not given an opportunity to challenge the January grand jury. But as he did not appear and request it, and made no objection to the proceedings until after his conviction by the trial jury, when he filed a motion in arrest of judgment, he is in no position to object thereto. *State v. Kouhns,* 103 Iowa, 720; *State v. Reid,* 20 Iowa, 413. A motion in arrest of judgment is not the proper method whereby to reach the defect or error, if there was one, in the proceedings. The objection should have been made by plea in abatement, motion to set aside, or to quash the indictment. One is not allowed to speculate on the verdict as defendant did in this case.

Moreover, the October grand jury had no authority to continue the case. By refusing or failing to indict the defendant he was entitled to his discharge and an exoneration of his bail. The trial court did not order the continuance of his case, and made no resubmission thereof to the January grand

5. FAILURE TO INDICT: subsequent investigation.

jury. So that the case stands as if the January grand jury had taken the matter up on its own motion. This, under our statutes, it had a right to do, although defendant was not indicted by the October grand jury, and the court made no order resubmitting the case. *State v. Collis,* 73 Iowa, 542.

There is no showing that the January grand jury knew anything of the prior proceedings, or that it had any of the papers used by or the evidence taken before the grand jury for the October term. There is no showing of any prejudice to the defendant, and his motion in arrest was properly overruled. *State v. Felter,* 25 Iowa, 67; *State v. Fowler,* 52 Iowa, 103.

6. ARREST OF JUDGMENT.

II. The indictment is challenged because it does not sufficiently negative the truth of the matter sworn to. The allegation is, " Whereas, in truth and in fact, as defendant well knew, he did not turn over or pay to said Henry the amount received upon said draft, or the moneys he testified to as aforesaid," etc. This is in exact accord with the books. *State v. Gallaugher,* 123 Iowa, 378, and cases cited.

3. PERJURY: indictment.

III. Defendant's wife was subpœnaed to appear before the grand jury. In response to this subpœna she came before them, and was examined as a witness. Her name was indorsed upon the indictment as one of the witnesses, but she was not used by the state on the trial of the case. Defendant called her as a witness in his behalf, and the state thereupon undertook to impeach her by showing contradictory statements made by her before the grand jury. To some of this testimony from grand jurors defendant objected as incompetent, immaterial, and not the best evidence. These objections were overruled, and of this complaint is made. The argument now made is that the wife was not a voluntary witness before the grand jury, and that the testimony from grand jurors as to what she said before them should not have been

7. EVIDENCE: impeachment.

received, for the reason that the state cannot discredit a witness used by it before a grand jury, and for the further reason that the state in effect used the wife as a witness against her husband. This last point was not made in the district court, and is not covered by the objections quoted. ·An objection to the competency of testimony does not go to the competency of the witness. *State v. Hughes,* 106 Iowa, 125; *Burdick v. Raymond,* 107 Iowa, 228. The other point is without merit. Assuming the witness or her declarations to be competent, the state was not precluded, through having had the wife before the grand jury, from impeaching her, when used by the defendant as his witness, by showing contradictory statements before the grand jury. *State v. Davis,* 74 Iowa, 578. There was no suggestion in the objections to the testimony from the grand jurors that the statements made by the wife were not voluntary, and no claim was then made that she was subpœnaed by the state to appear before the grand jury. For aught that then appeared, she was before the grand jury of her own volition for the purpose of explaining away the charge against her husband. The questions argued were not raised before the trial court, and cannot be considered here. That her name was indorsed on the back of the indictment is entirely immaterial. We have recently held that the use of the wife as a witness before the grand jury is not a ground for setting aside the indictment. The case may easily be found, and we do not take the time to cite it.

IV. The original information on which defendant was tried did not charge any crime, unless possibly it be embezzlement. There were no false pretenses alleged; nothing more than a false promise was charged, which, of course, is not punishable criminally. Defendant contends that, as the information did not charge a crime, he cannot be held guilty of perjury, no matter how false his testimony upon that hearing; and he further argues that in no event was it material for him to

1. PERJURY: materiality of testimony.

show that he turned over the warrant or the money received thereon to Henry. The English cases seem to support his contention; but in that country informations may not, as we understand it, be amended. In this country the weight of authority is opposed to the English rule, largely because of the fact that informations are here generally amendable, and may be so altered as to charge a crime. Defendant did not in any manner challenge the information which was filed against him for the crime of cheating by false pretenses, but went to trial thereon as if it properly charged the crime named in the caption. By so doing he waived any and all amendable defects, and, according to the weight of authority, made his testimony so material to the charge as to be the subject of perjury. The exact question was before us in *State v. Perry,* 117 Iowa, 463, and we there held, following the weight of American authority, that, if the court had jurisdiction of the general subject and of the person, and the accused proceeds to a hearing on the information, without objection, he is in no position to say that perjury cannot be assigned on false testimony given by him on the hearing, because forsooth the allegations were insufficient in the particular case to constitute a crime. That case cites some of the authorities, to which we may also add the following: *Anderson v. State,* 24 Tex. App. 705 (7 S. W. 40); *People v. McCraffrey,* 75 Mich. 115. (42 N. W. 681); *State v. Keene,* 26 Me. 33; *State v. Brown,* 68 N. H. 200 (38 Atl. 731); *Chamberlain v. People,* 23 N. Y. 85 (80 Am. Dec. 255); *State v. Trask,* 42 Vt. 152; *Crump v. Com.,* 75 Va. 923.

Of course, if the court had no jurisdiction of the general subject or of the person, the oath would be, in effect, extrajudicial; and no perjury could be assigned upon the testimony given. In such cases the proceedings are void, and not merely voidable. But, if the defect relates to the allegations in the particular case, the court having jurisdiction of the general class of cases to which the particular

one belongs, this defect may be waived, and the proceedings are merely voidable, and not void. This is particularly true in those jurisdictions where, as here, an information is amendable. While the particular information in this case did not charge the crime of cheating by false pretenses, and probably could not, under the facts, have been truthfully amended so as to make out this offense, defendant nevertheless waived the defect by going to trial thereon without objection, and cannot now be heard to say that the proceedings were void, and his false testimony not the subject of perjury. Doubtless the information could have been amended so as to have made out a case of embezzlement — at least such a case could have been made on paper — and this is all that is required. We shall, without going through the cases to show this distinction, which has not always been preserved, content ourselves with the statement thereof, fortified by the authorities already cited. The proceedings were *coram judice*. *State v. Rowell,* 72 Vt. 28 (47 Atl. 111, 82 Am. St. Rep. 918).

V. Lastly, it is argued that the testimony as to the repayment of the money was not material to the charge of having obtained it by false pretenses. It is universally held that the fact sworn to need not be material to the main issue in the case. If the matter sworn to is in any way conducive to the point in issue, or a guide to the court or jury, though it be circumstantial it is nevertheless perjury. If it be circumstantially material, it is the subject of perjury. *State v. Shupe,* 16 Iowa, 36, and cases cited. Now, be the charge cheating by false pretenses or embezzlement, it was material for the prosecution to show that defendant did not turn over the warrant or the money collected thereon to Henry as agreed. And it was equally material for the defendant to show in his defense that he did not convert the money to his own use, but paid the same to Henry, as he claimed and testified. Even if defendant's contention be true, the matter might be considered

2. SAME.

in mitigation of punishment, or for the purpose of negativing a criminal intent. It was, in any event, circumstantially material. The materiality of the testimony was a question of law for the court, and there was no error in instructing that the testimony was, as a matter of law, material to the issues in the original case. *State v. Caywood*, 96 Iowa, 367.

Other instructions are criticised, but we find no error therein.

Appellant's motion to strike appellee's amended and additional abstract is without merit, and it is therefore overruled. There is no prejudicial error in the record, and the judgment must be and it is *affirmed*.