THE STATE OF IOWA v. DAN SHEPHERD, Appellant.

**Indictment:** SETTING ASIDE: ACCUSED AS WITNESS BEFORE GRAND
1 JURY. The fact that an accused was called before the grand
jury and gave testimony, without his request, is not ground
for setting aside the indictment.

**Murder:** SUBMISSION OF INCLUDED OFFENCES. Where there is a
2 charge of murder by lying in wait, or other wilful, deliberate
or premeditated killing, the degree of the crime is a question
for the jury, and the court may properly submit the included
offences as well as murder in the first degree.

*Appeal from Jefferson District Court.*— HON. C. W. VER-
MILLION, Judge.

THURSDAY, FEBRUARY 15, 1906.

THE defendant was indicted for the crime of murder,
and was convicted of the crime of manslaughter. From the
judgment entered on the verdict, he appeals.— *Affirmed.*

*P. J. Hanley* and *E. F. Simmons,* for appellant.

*Chas. W. Mullan,* Attorney General, and *Lawrence De
Graff,* Assistant Attorney General, for the State.

BISHOP, J.— I. Upon being called upon to plead, the
defendant filed a motion to quash the indictment; the
grounds therefor being " that another person other than the
grand jury was present before them during
their investigation of the charge in this indict-
ment, in that the said grand jury summoned
defendant and required him to appear before
them and testify under oath as a witness against himself,
and without informing him of his right not to answer."
In his affidavit attached to the motion, defendant says that

1. INDICTMENT:
setting aside:
accused as
witness before
grand jury.

while he was in jail on the instant charge awaiting the action of the grand jury he was taken by a bailiff before the grand jury and sworn and examined; that he did not request such action, and supposed he was compelled by law to answer the questions put to him. Also is attached the affidavit of the bailiff, saying that his action was by direction of the grand jury. To the indictment as returned was attached minutes of evidence purporting to be given by Dan Shepherd, and the name is indorsed upon the back of the indictment. The motion was overruled, and, based thereon, defendant contends for error.

In support of this contention, counsel rely upon paragraph 4 of section 5319, and section 5484, of the Code. The former provides that a " motion to set aside the indictment can be filed before a plea is entered by the defendant when any person other than the grand jurors are present before the grand jury during the investigation of the charge, except as required or permitted by law." The latter provides that " defendants in all criminal proceedings shall be competent witnesses in their own behalf, but cannot be called as witnesses by the State," etc. It is the argument that, as defendant was being held to answer for the crime under investigation, he was in effect compelled to be a witness against himself; that as the State had no right to use him as a witness in any criminal proceeding, he was a person not authorized or permitted by law to be present before the grand jury, within the meaning of the paragraph of section 5319. We think there is no merit in the contention, as matter of law. The grand jury is simply a tribunal organized to make inquiry, and may call any person before it as a witness. State v. Porter, 74 Iowa, 623.

The court will not inquire into the sufficiency of the evidence taken, nor will an indictment be vitiated because it may be made to appear that an incompetent witness was called and gave testimony during the course of the investigation in question. State v. Tucker, 20 Iowa, 508; State

v. *Smith,* 74 Iowa, 580; *State v. Frost,* 95 Iowa, 448; *State v. De Groate,* 122 Iowa, 661. It may be conceded that the proceeding was of questionable propriety. *State v. Clifford,* 86 Iowa, 550. But as he was in fact called as a witness, and conceding even that in his situation he was incompetent, we do not think his complaint could be given force to set aside the indictment.

II. The court, in its instructions to the jury, and proceeding in accordance with Code, sections 5406, 5407, defined the degrees of the crime specifically charged in the

2. MURDER: submission of included offenses.

indictment, and, separately, each of the included offenses; and the jury was told that the defendant might be convicted of any thereof of which the evidence satisfied them of his guilt beyond a reasonable doubt. The correctness of the instructions considered in the abstract is not questioned. The contention for error in respect thereto is that no more than the definition of murder in the first degree should have been given, and the jury should have been told that if not found guilty of that offense, the defendant should be acquitted.

In brief, the evidence for the State made it appear that the deceased, an old German by the name of Womelsdorf, lived with his wife alone on a farm near the town of Brighton, and that defendant, who lived in Washington, was at the time temporarily staying at the home of his stepmother, who lived in Brighton. Defendant had some years before worked for Womelsdorf on his farm, and, on the day before the homicide, had visited him. The evidence for the State then tends to show that towards evening of the day of the homicide defendant stated, in the presence of his stepmother and half-brother, that Womelsdorf had shown him a roll of money as big as his wrist, and that he was going over to get it; that he started off in the direction of the farm, and later was seen by Mrs. Womelsdorf — who was at the barn — going to the house; and that they recognized and spoke to each other as he passed. Some time later Mrs.

Womelsdorf went to the house, and found her husband lying on the kitchen floor with his head crushed in at the back — the wound from which he died. A bloody ax was found in a woodshed adjoining the kitchen. No one claims to have seen the defendant leave the house, and no other evidence as to the means by which the crime was committed was found.

Taking such to be an outline of the circumstances relied upon by the State, we think there was no error in submitting the case to the jury to find the offense, if any, committed by the defendant. Whatever may be said as to the proper course to be pursued in a case where murder is charged to have been committed by means of poison, we think it must be said, where the charge is of murder by lying in wait, or other willful, deliberate, or premeditated killing, the rule is that the case must go to the jury to find the guilt of the defendant, and the degree thereof, if murder, or of the included offense, if less than murder. In other words, the law recognizes the possibility that in all such cases the offense may be less than murder, and that the jury should be privileged to so find. *State v. Jackson,* 103 Iowa, 702; *State v. Wood,* 112 Iowa, 411.

. . The rule, of course, saves to the court the right, upon failure of proof, to withdraw a major offense, and to submit only one or more of the included offenses, of the commission of which the evidence may tend to show guilt on the part of the defendant. And the righteousness of the rule is not impeached by the facts which the evidence in this case tended to prove. The jury may have doubted that defendant, in going to the Womelsdorf home, had any intention in fact to rob, much less to commit murder. So, too, it could not be said, as an absolute certainty, that the crime was committed with the ax which was found in the woodshed. Just how and just why the deed was committed was open to more than one reasonable conclusion, in view of all the facts and circumstances presented. Accordingly the

court could not say that if a conviction was to be had it should not be for an offense less than murder.

III.   It is argued that the verdict was not warranted by the evidence, and hence that the motion for new trial should have been sustained.   A careful reading of the evidence satisfies us that this is not so.   It would serve no good purpose to detail the evidence in this opinion, or attempt a discussion thereof.   The case was fully and fairly submitted to the jury by the court, and the verdict was warranted.   Having had a fair trial, the defendant must be content.

No error appearing in the record, the judgment is *affirmed*.