STATE, Appellant, v. HAYES, Respondent.

(166 N. W. 424.)

(File No. 4195. Opinion filed February 14, 1918.)

1.  **Criminal Law—New Trial, Granting of, Status of Defendant—New Evidence—Statute.**

    Under Code Crim. Proc., Sec. 429, the granting of a new trial places the parties in the same position as if no trial had been had, and requires the testimony be produced anew.

2.  **Same—Law—Arrest of Judgment, Effect, re Defendant's Status—Whether a Bar to New Prosecution—Statute.**

    Under Code Crim. Proc., Secs. 433, 434, declaring the effect of allowing a motion in arrest of judgment, the effect thereof is to place defendant in the same situation in which he was before indictment was found or information filed; and an arrest of judgment is not a bar to another prosecution; and thereunder accused may be recommitted to answer to a new indictment or information where reasonable ground exists for believing him guilty.

3.   Same—Law—Arrest of Judgment, How Far Res Judicata, or
     Waiver re New Trial—Demurrer, as Related To—Statute.
         A decision upon motion in arrest of judgment does not
     become res judicata upon, nor is it a waiver of, any question
     which may be properly presented upon motion for new trial,
     except those specified in Code Crim. Proc., Sec. 272, as
     grounds of demurrer, which grounds may have been presented
     on demurrer.

4.   Same—Law—Arrest of Judgment—New Trial—Order of Motions
     —Demurrer, Ruling On, Whether Res Judicata re New Trial
         Under Code Crim. Proc., Secs. 433, 434, declaring the
     effect of allowing a motion in arrest of judgment, and Sec.
     272, defining grounds of demurrer to an indictment or infor-
     mation, · held, that the order in which the two motions—in
     arrest of judgment, and for new trial—are presented is im-
     material.   Held, further, that determination of matters speci-
     fied in Sec. 272, upon motion in arrest of judgment, renders
     the same questions res judicata upon motion for new trial
     subsequently made.

5.   Forgery—Certificate of Deposit—Variation Between, As De-
     scribed, and Proof—Reference to Interest, Stamp of Pay-
     ment, Cut of "Not Over $," Whether Material.
         Where an information for forgery added to the language
     of the certificate of deposit, the words "interest after," and
     omitted the words in the instrument constituting a paid stamp
     indorsement, and a perforated limitation of amount, held, that
     such variations between allegations and proof did not con-
     stitute fatal variance, nor such as to mislead accused in pre-
     paring and interposing his defense, nor such failure of descrip-
     tion as to endanger his being twice put in jeopardy for the
     same offense, so that a plea of former conviction could not be
     availed of.

6.   Forgery—Former Jeopardy—Identity of Instrument, Of Accused,
     Evidence Of, Character Of.
         The identity of an alleged forged instrument, and identity
     of accused, may be shown, not only by the record of convic-
     tion or acquittal but by supplementary oral evidence, if nec-
     essary to establish the plea.

7.   Criminal Law—Granting New Trial—Misconduct of Jury, Of
     Counsel, Sufficiency of Evidence—Judicial Discretion—Trial
     Court's Opportunity, Effect.
         The granting of a new trial upon question of sufficiency
     of evidence, or misconduct of jurors, or misconduct of counsel,
     and other matters of possible prejudice involves exercise of
     judicial discretion belonging peculiarly to trial courts, be-
     cause of their better opportunity to observe and weigh matters
     dehors the record.

Appeal from Circuit Court, Stanley County.    Hon. LEVI McGEE, Judge.

The defendant, John Hayes was convicted of forgery in the second degree, and from an order granting a motion in arrest of judgment and discharging defendant, the state appealed (37 S. D. 530, 159 N. W. 108); which order was vacated with directions, whereupon defendant moved for a new trial; from the order granting which the state appeals.    Affirmed.

*Clarence C. Caldwell,* Attorney General, and *T. F. Auldridge,* Assistant Attorney General, for the State.

*A. K. Gardner,* for Respondent.

(3)    To point three of the opinion Appellant cited:    1 Bish. Crim. Proc. (4th Ed.) Section 1268; Gillette Crim. Law (2d Ed.) Section 955; 29 Cyc. 725; 14 Ency. Pl. & Pr. 899; 2 Ency. Pl. & Pr. 818; Hall v. State, 110 Tenn. 365, 75 S. W. 716; Snapp v. Moore, 2 Overton (Tenn.) 236; Elliott on General Practice (volume 2, Sec. 995); Yazel v. State, 170 Ind. 535, 84 N. E. 972, and cases cited; Code Crim. Proc. Secs. 429, 433.

Respondent Cited:    Code Crim. Proc., Sec. 431; 29 Cyc. 725; Nelson v. Gondahl, (N. D.) 96 N. W. 299; Fisk v. Henarie, (Ore.) 13 Pac. 760; Miller v. State, (Wis.) 119 N. W. 850; Linker v. U. Pac. (Kan.) 123 Pac. 745; Davis v. Turner, (O.) 68 N. E. 819; Cockrum v. Keller, (Ill.) 101 N. E. Sallden v. Little Falls, (Minn.) 113 N. W. 884; Smith v. Ry Co., (Minn.) 157 N. W. 499; State v. Pancoast, (N. D.) 67 N. W. 1052.

(4)    To point four of the opinion, Appellant cited:    Code Crim. Proc., Secs. 429-431; Secs. 432-434; Rogers v. Maxwell, 4 Ind. 243; Wallace v. Curtis, 36 Ill. 156.

(5)    Under point five of the opinion, Appellant submitted that:    Since the endorsements and paid stamp were not upon the certificate when signed and issued, that it was not necessary that they appear in the information; and cited:    State v. Waterbury, (Ia.) 110 N. W. 328; 19 Cyc. 1402; White v. Territory, 1 Wash. 279, 24 Pac. 447; Code Crim. Proc., Secs. 500, 569.

Respondent cited:    19 Cyc. 1400, 1401; Code Crim. Proc., Sec. 235; Haslip v. State (Neb.) 7 N. W. 331.

SMITH, J.  One John Hayes was convicted in the circuit court of Stanley county upon an information under section 587, Penal Code, charging the crime of forgery in the second degree. A motion in arrest of judgment was sustained by the trial court. Upon appeal to this court the order of the trial court was reversed. That decision is reported in 37 S. D. 530 159 N. W. 108. After the filing of the remittitur and before any judgment had been entered, appellant filed a motion for a new trial based upon some 40 specifications of error, 30 of which relate to rulings upon evidence, 6 to specifications of alleged misconduct of counsel for the prosecution in making improper statements in his argument to the jury prejudicial to the accused; one alleges error in the refusal of the trial court to advise the jury to return a verdict of not guilty, one specifies insufficiency of the evidence to sustain the verdict; and two others, misconduct of the jury in taking to the jury room certain exhibits received in evidence to which were attached depositions taken in a civil case involving the same exhibits, which depositions had not been offered or received in evidence upon the trial of the criminal case. A new trial was granted by the trial court, and the state appeals upon four assignments of error: (1) That the defendant is barred from making the motion for a new trial for the reason that he first moved in arrest of judgment, and thereby waived his right to move for a new trial; (2) that the alleged errors of the trial court in its rulings upon the admission and rejection of evidence were immaterial; (3) that the evidence is sufficient to sustain the verdict; (4) that the depositions taken to the jury room by the jury did not influence them in their deliberations upon the evidence, or in arriving at a verdict, and such act was not prejudicial to the defendant.

[1, 2]  The argument of the learned Attorney General is devoted chiefly to the contention that a motion in arrest of judgment is a waiver of the right to move for a new trial. In support thereof, he cites decisions from the Supreme Courts of Indiana and Tennessee and earlier decisions from Illinois and Texas. A review of these decisions would serve no useful purpose, and we shall not attempt it. Appellant's argument is grounded largely upon the assumption that an order arresting

judgment is the same in effect as an order granting a new trial. This view is clearly erroneous. Under section 429, Code Criminal Procedure, the granting of a new trial places the parties in the same position as if no trial had been had, and requires that the testimony be produced anew. Sections 433 and 434, Code Criminal Procedure, declare the effect of allowing a motion in arrest of judgment is to place the defendant in the same situation in which he was before the indictment was found or the information was filed; that an arrest of judgment is not a bar to another prosecution; and that the court may order the accused recommitted to answer to a new indictment or information where          ˄ reasonable ground to believe him guilty and a new indictment or information can be framed upon which he might be convicted.

[3, 4] A decision upon a motion in arrest of judgment, therefore, does not become res judicata upon, nor is it a waiver of, any question which may be properly presented upon a motion for a new trial, except those specified in section 272, Code Criminal Procedure, as grounds of demurrer to the indictment or information. It follows that the order in which the two motions are presented is immaterial, although we are of the view that the determination of matters specified in section 272 upon a motion in arrest of judgment would render the same questions res judicata upon a motion for a new trial subsequently made. The decision in Miller v. State, 139 Wis. 57, 119 N. W. 850, under Code provisions similar to our own, we think is a correct interpretation of the Code of Criminal Procedure and announces the rule which should be adopted in this jurisdiction. We deem it unnecessary, with one exception, to consider the various rulings upon evidence specified as erroneous upon the motion for a new trial, further than to direct special attention to the language of this court in State v. Hayes, supra, decided since the trial at which these alleged erroneous rulings were made, which we thing furnishes a sufficient guide to the trial court in determining the competency and relevancy of evidence upon a new trial of this case, viz:

"It is clear to us that the willful issuing by a bank officer of a certificate of deposit in an amount in excess of the actual

deposit renders the instrument a false evidence of debt within the meaning of section 587, Revised Pen. Code 1903."

[4]   The one ruling upon evidence which we deem it necessary to consider further involves the alleged variance between the instrument described in the information and the instrument offered and received in evidence.   The instrument received in evidence is a certificate of deposit in the ordinary form reciting:   "Payable  *  *  *  on the return of this certificate properly indorsed, Dec. 5, 1912."   The information reads: "Payable  *  *  *  on the return of this certificate properly indorsed.   Interest after Dec. 5, 1912."   The instrument received in evidence also bears upon its face a stamp indorsement, "Paid Dec. 4, 1914, per———," which does not appear upon the instrument set out in the information.   The instrument received in evidence also had cut into its face the words, "Not over two thousand $2,000," which were not set out in the information.

The question of variance in this case is a serious one, and we have given it most careful consideration.   Many decisions and statements of text-writers may be found, and many are cited in respondent's brief, which hold such variances to be fatal in forgery cases.   The reasons usually assigned are:   First, that the accused is entitled to be informed of the exact description and nature of the instrument forged, that he may not be misled as to its identify in the preparation of his defense; and, second, that the criminal act must be so accurately set forth in the indictment or information as to disclose its identity upon another indictment for the same offense, and thus enable the accused to plead a former conviction or acquittal in bar of a second prosecution.   We are of the view that the variances between the instrument set out in the information and the instrument received in evidence should not be held fatal.   Except in the three particulars above specified the instrument is identical in all respects with that described in the information, and this case falls clearly within the rule announced in People v. Terril, 132 Cal. 497, 64 Pac. 894, in which that court, quoting with approval from Underhill on Criminal Evidence, says:

"In determining whether a variance is material, the question to be decided is:   Does the indictment so far fully and correctly inform the defendant of the criminal act with which

he is charged that, taking into consideration the proof which is introduced against him, he is not misled in making his defense, or placed in danger of being twice put in jeopardy for the same offense? * * * In this case the check described in the information and the check introduced in evidence have so many earmarks in common as to establish the identity of the two instruments as being one and the same beyond all doubt, and to indicate conclusively that the misdescription could not have misled the defendant to his prejudice, and that a conviction or acquittal of the offense charged in this information would forever bar any further prosecution for the larceny of the check."

The rule thus stated was applied in a forgery case, and the court further says:

"No one could doubt the identity of the note as being the one described in the indictment. The defendant could not have been misled by the description."

[5] The rule is well settled that the identity of the instrument alleged to be forged and the identity of the accused may be shown, not only by the record of conviction or acquittal, but by supplementary oral evidence if such evidence is necessary to establish the plea. Heard, Criminal Pleading, 290, 291; State v. Hudkins, 35 W. Va. 247, 13 S. E. 367; Cross v. People, 47 Ill. 153, 95 Am. Dec. 474; People v. Arras, 89 Cal. 223, 26 Pac. 766. We have determined this question of variance upon this appeal for the reason only that upon a new trial the prosecution must necessarily rely upon and offer in evidence this same instrument in seeking to establish the crime alleged in the information. Questions presented upon other alleged erroneous rulings may not arise upon a new trial.

[6] It is the settled law in this jurisdiction, as in most if not all the other states, that the granting of a new trial upon a question of the sufficiency of the evidence, or for misconduct of jurors, or for misconduct of counsel at the trial, and other matters which may have been prejudicial, involves the exercise of a judicial discretion which belongs peculiarly to the trial courts, because of their better opportunity to observe and weigh the effect of matters occuring at the trial which from their very nature cannot be made to appear upon the record: State v.

Swenson, 26 S. D. 589, 129 N. W. 119; State v. Crowley, 20 S. D. 611, 108 N. W. 491.

In view of this well-established rule, we deem it unnecessary to review the assignments as to the facts relating to misconduct of the jury in taking to the jury room depositions not in evidence or of counsel for the prosecution in addressing the jury, further than to say we are not convinced that the trial court abused its discretion in granting the new trial. The trial court was in a position to observe and judge the possible prejudicial effect of all these matters upon the jury, and the granting of a new trial is nothing short of a finding by the trial court upon the entire evidence and proceedings at the trial that they were prejudicial to the accused to such degree that he did not have a fair and impartial trial.

The order of the trial is therefore affirmed.