[Crim. No. 11364.   Second Dist., Div. Three.   Feb. 14, 1966.]

THE PEOPLE, Plaintiff and Respondent, v. CHARLES BATTLES, Defendant and Appellant.

Herbert M. Shyer for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Nicholas C. Yost, Deputy Attorney General, for Plaintiff and Respondent.

SHINN, P. J.—Appellant, Charles Battles, was convicted in a trial without jury of the crime of rape, consisting of having sexual intercourse with a female under 18 years of age who was not his wife. He was granted probation and appealed from the order as a judgment.

The act was admitted by appellant; his excuse was that he believed the young woman was of the age of consent (*People* v. *Hernandez*, 61 Cal.2d 529 [39 Cal.Rptr. 361, 393 P.2d 673]).

The court, of course, had an opportunity to form an opinion as to the apparent age of the prosecutrix, and she appeared to the court to be so obviously under the age of con-

sent as to overcome the testimony of appellant that he honestly believed her to be of lawful age.

It is argued in the brief that the prosecutrix not only deceived appellant by her appearance, her assurance of her maturity, and her manner, but that her simple attire and youthful deportment in court also deceived the judge. We do not believe so.

The young woman was married (although evidently not very much) and informed appellant of that fact; she testified she assured appellant that she was 21 years old. When appellant met her she wore a black dress, gold shoes, black stockings, high heels and carried a gold purse. No doubt the court realized that she appeared more mature to appellant than she did in court. It must be presumed that appellant received the full benefit of the court's knowledge that an artful woman can contrive a deceptive appearance of maturity or youth, as the occasion requires; but it is clear that the court doubted that appellant's downfall was one such occasion. The prosecutrix was under 16 years of age at the time and the court did not believe she could have concealed that fact from appellant. The discussions respecting the young woman's age, and her assurance of appellant that she was 21 years old, to which she and appellant both testified, raised serious doubt in the mind of the court that appellant honestly believed he was keeping within the law. It was not an unreasonable deduction.

Under the rule of *Hernandez, supra,* appellant had the burden of proving to the satisfaction of the court that he entertained a good faith belief, based upon reasonable grounds, that the prosecutrix was of an age to give legal consent. Nothing less than that belief would have established that the act was committed under a mistake of fact. The judgment implies that the court found not only that appellant did not in good faith believe the prosecutrix to be· of legal age but also that no reasonable grounds existed to justify such a belief. These are reasonable conclusions which are conclusive on appeal.

The judgment is affirmed. The order denying motion for new trial not being appealable, the purported appeal therefrom is dismissed.

Ford, J., and Kaus, J., concurred.