STATE of Iowa, Appellant,

v.

Marlin DEETS, Appellee.

No. 54135.

Supreme Court of Iowa.

Feb. 25, 1972.

Rehearing Denied May 8, 1972.

Richard C. Turner, Atty. Gen., Bennett Cullison, Jr., and James W. Hughes, Asst. Attys. Gen., for appellant.

J. R. McManus, Des Moines, for appellee.

RAWLINGS, Justice.

Defendant Marlin Deets was indicted, tried and convicted of perjury. Deets' postconviction motion for new trial was overruled, but in sustaining his arrest of judgment motion trial court entered a not guilty judgment. The State appeals. We reverse.

This case stems from a Polk County Grand Jury investigation regarding explosive destruction of construction equipment at or near the Euclid Avenue Bridge in Des Moines, more particularly William Reed's possible involvement.

May 15, 1968, Deets first appeared as a witness before the aforesaid investigatory body. His under oath testimony then was to the effect a man known to him only as John [Radcliffe], Mirko (Duke) Dakovich, and Reed, all in the latter's car, stopped at Deets' home in Des Moines the evening of September 8, 1968. Pursuant to a suggestion made, Deets got some liquor from his garage which the four men, seated in Reed's car, started to drink. That one of the three visiting parties suggested they call on a friend in Des Moines Veterans Hospital. Deets stated he was not acquainted with the hospitalized man but agreed to ride along. He testified they thereupon proceeded down Euclid Avenue, crossed the bridge, and stopped at the hospital. There, according to Deets, he remained in the car while the other three effected the planned visitation. Upon their return to the automobile the four drove back to Deets' home via Euclid Avenue and the bridge.

May 21, 1969, Deets again appeared before the grand jury. This time, again under oath, he admitted his prior testimony was false in that there had actually been no hospital visit. He then testified the four men in Reed's car left Deets' home and crossed the Euclid Avenue Bridge which they promptly recrossed after turning around at a neighborhood shopping center.

In course of trial Deets' timely motions for a directed verdict, premised upon absence of materiality of his first occasion false testimony, were overruled. The case was submitted and, as aforesaid, a guilty verdict returned.

Thereafter Deets filed an intricately combined motion in arrest of judgment, for vacation of verdict and a new trial.

In sustaining the arrest of judgment motion trial court, reversing its position, held Deets' false testimony was not material and thereupon entered a "judgment of not guilty" for defendant, ordered his release and exoneration of bond. All other grounds therein asserted were overruled, as was the motion for new trial on all grounds.

On appeal the State contends trial court erred in (1) holding Deets' false testimony was not material; (2) entering a postconviction judgment of acquittal.

I. The Code 1966, Section 721.1, provides, in material part:

"If any person, on oath or affirmation lawfully administered, willfully and corruptly swear or affirm falsely to any material matter in any proceeding in any court of justice, or before any officer thereof, or before any tribunal or officer created by law, or in any proceeding in regard to any matter or thing in or respecting which an oath or affirmation is or may be required or authorized by law, he is guilty of perjury, * * *."

At the threshold we are satisfied a grand jury, though generally characterized as an inquisitorial and accusatorial body, clearly qualifies as a tribunal created by law. Iowa Const., art. I, § 11, and Amendment of 1884, No. 3; The Code 1966, Chapters 770–772. See State v. Shepherd, 129 Iowa 705, 706, 106 N.W. 190.

And a grand jury foreman is by law authorized to administer the oath to all witnesses examined before that body. The

Code 1966, Section 771.9. It is thus evident perjury may be committed by giving false testimony, of a material nature, before a grand jury. See State v. Schill, 27 Iowa 263, 268; 60 Am.Jur.2d, Perjury, § 15.

■ II. As disclosed by Code § 721.1, quoted above, the essential elements of perjury are (1) a false statement of fact, opinion or belief knowingly made regarding any material matter, (2) under a lawfully authorized oath or affirmation, (3) in any proceeding before any court of justice or officer thereof, or before any tribunal or officer created by law, or in any proceeding in regard to any matter or thing in or respecting which an oath or affirmation is required or authorized by law. See United States v. Hvass, 355 U.S. 570, 574, 78 S.Ct. 501, 504, 2 L.Ed.2d 496; Annot. 88 A.L.R.2d 852, 855.

Only the first of these elements is here involved and we shall confine ourselves accordingly.

■ Unquestionably the materiality of false testimony is, in this jurisdiction, a law issue determinable by the court. See Code § 780.23; State v. Thompson, 254 Iowa 331, 337, 117 N.W.2d 514; State v. Brown, 128 Iowa 24, 32, 102 N.W. 799; State v. Swafford, 98 Iowa 362, 372, 67 N.W. 284; State v. Caywood, 96 Iowa 367, 374, 65 N.W. 385. See Sinclair v. United States, 279 U.S. 263, 298, 49 S.Ct. 268, 273–274, 73 L.Ed. 692. This also appears to be in accord with the majority view. See Annot. 62 A.L.R.2d 1027. But see People v. Perna, 20 A.D.2d 323, 246 N.Y. S.2d 920, 922–925; 60 Am.Jur.2d, Perjury, § 11; 70 C.J.S. Perjury § 71c; 35 Ind.L.J. 1.

So, where as here the falsity of Deets' testimony on his first appearance before the grand jury is undisputed, our task is to determine the materiality thereof as a matter of law.

■ III. A false statement of fact knowingly made under oath or affirmation is material and will support a charge of perjury if it directly or circumstantially (1) supports or attacks the credibility of a witness, or (2) has a legitimate tendency to prove or disprove some relevant fact irrespective of the main fact at issue, or (3) is capable of influencing the court, officer, tribunal or other body created by law on any proper matter of inquiry. See Barnes v. United States, 378 F.2d 646, 649–650 (5th Cir.); State v. Brown, 128 Iowa 24, 31, 102 N.W. 799; 3 Underhill's Criminal Evidence, § 821 (Herrick, 5th ed.); 60 Am.Jur.2d, Perjury, § 11; 70 C.J.S. Perjury § 11; Black's Law Dictionary (rev. 4th ed.), "material evidence", at 1128. See also United States v. Siegel, 263 F.2d 530, 533 (2d Cir.).

IV. It is thus apparent Deets' first appearance testimony before the grand jury was perjurious if capable of influencing that body regarding the matter then under investigation.

■ As aforesaid the grand jury was at that time, to Deets' knowledge, inquiring into the explosive destruction of construction equipment at or near the Euclid Avenue Bridge and Reed's possible complicity. This was unquestionably a proper matter of inquiry by that investigatory body. See The Code 1966, Sections 771.1, 697.3, 719.1.

■ In effect Deets argues, however, his false testimony regarding a purported hospital visit on the night in question could not have influenced the grand jury investigation. We are not so persuaded.

The false testimony, set forth above, clearly tended to impute an innocent, in fact a nonexistent benevolent purpose, to an otherwise aimless bridge crossing. More specifically, Deets first attributed an innocuous and diverting objective to a trip which was in truth clothed with suspicion. It was therefore capable of misleading, influencing or even deterring the grand jury in the conduct of its investigation in the matter then under inquiry. On this basis

alone it was material. Trial court's post-conviction holding to the contrary constitutes reversible error. See United States v. Schaier, 175 F.Supp. 838, 842 (S.D.N.Y.); People v. Guasti, 110 Cal.App.2d 456, 243 P.2d 59, 62.

■ V. There is another factor to be here considered which supports the above conclusion. The record discloses John Radcliffe, testifying under oath before the same grand jury, stated, in effect, after Deets got into the Reed operated automobile they went down 12th Avenue, across the Euclid Avenue Bridge to a shopping center, then recrossed that bridge.

It is thus evident Deets' false testimony tended to attack or impugn credibility of the witness John Radcliffe. For this additional reason the under oath false statements by Deets must be deemed perjurious. See People v. Gamble, 8 Cal.App.3d 142, 87 Cal.Rptr. 333, 335; Miles v. State, 268 P.2d 290, 296 (Okl.Crim.); 70 C.J.S. Perjury § 13.

VI. The next question to be resolved is whether trial court erred in entering a judgment of acquittal after the jury had returned a verdict finding Deets guilty of the offense charged.

As previously stated, Deets made timely in course of trial motions for directed verdict, which were overruled. Then, after return of the aforesaid verdict, he moved for arrest of judgment or a new trial. The latter motion was overruled in its entirety.

At the same time, as best we can determine, trial court entered the controverted judgment. Although premised upon Deets' motion in arrest of judgment, it is in force and effect a judgment notwithstanding the verdict, or directed verdict. Furthermore, this was done entirely upon the ground that Deets' false testimony was not material, heretofore held by us to be erroneous.

■ Inceptionally it should be noted the relief accorded Deets exceeded that requested by him.

Code § 788.1 provides:

"A motion in arrest of judgment is an application to the court in which the trial was had, on the part of the defendant, that no judgment be rendered upon a verdict against him, or on a plea of guilty, and shall be granted when upon the whole record no legal judgment can be pronounced."

But even where properly granted, an order in arrest of judgment does not operate as an acquittal. Rather, it serves to place a defendant in the same situation or position as he was before commencement of the prosecution. See State v. Hayes, 40 S.D. 104, 166 N.W. 424, 425; State v. Nugent, 243 N.C. 100, 89 S.E.2d 781, 784; 21 Am. Jur.2d, Criminal Law, § 524; 24 C.J.S. Criminal Law § 1553.

■ VII. On the other hand a motion for directed verdict must be made in course of trial, i. e., before ultimate submission of the case to the trier of fact. See Iowa R.Civ.P. 216; State v. Mabbitt, 257 Iowa 1063, 1065–1066, 135 N.W.2d 525; Johnson v. Van Werden, 255 Iowa 1285, 1291, 125 N.W.2d 782; Christensen v. Sheldon, 245 Iowa 674, 689, 63 N.W.2d 892.

■ And the granting of such a motion, timely made, is tantamount to a judgment of acquittal in a criminal action barring further prosecution on the same charge. See 2B Barron & Holtzoff (Wright), Federal Practice and Procedure, Rules Edition, § 1071, at 364. See also rule 29, Fed.R.Crim.P.; 4 Barron, Federal Practice and Procedure, Rules Edition (Criminal), § 2221, at 232.

Significantly rule 29 specifically permits a deferred decision on an in course of trial motion for a directed verdict, there denominated judgment of acquittal. But we have no such applicable statutory or rule proviso in this jurisdiction. Moreover, trial court, in the case at bar, did not reserve ruling on Deets' directed verdict motion made in course of trial. On the contrary it was

specifically overruled when made at close of the State's case and close of all the evidence. Then after a guilty verdict had been returned, the court of its own volition, presuming to reconsider the matter, thereupon entered the contested acquittal judgment.

It still remains, however, no matter what improvised label trial court attempted to affix, the foregoing adjudication was, as previously stated, *inter alia,* nothing more nor less than a judgment notwithstanding the verdict for which authority is lacking in this jurisdiction. Such was dispositively determined in State v. Stennett, 220 Iowa 388, 395, 260 N.W. 732, 736, where this court said:

"After the close of the case and its submission to the jury and the return of the verdict, * * * the district court gave the defendants ten days in which to file a motion in arrest of judgment, a motion for judgment notwithstanding the verdict, and a motion for a new trial and exceptions to the instructions. The defendants filed such motions. *It may be said that, under the criminal practice of this state, there is no such thing known as a motion for judgment notwithstanding the verdict.* A motion in arrest of judgment, under the present practice in criminal cases, can be granted only 'when upon the whole record no legal judgment can be pronounced,' and in order to be considered must point out wherein the deficiency exists." (Emphasis supplied).

Accord, State v. McKillop, 241 Iowa 988, 991, 42 N.W.2d 381. See Code §§ 789.2, 789.7, 789.9, 789.11.

That means, save and accept for postconviction review (The Code 1971, Chapter 633A), relief after return of a guilty verdict in a criminal prosecution is, in this state, statutorily limited to arrest of judgment or a new trial. See Code Chapters 787, 788. Resultantly trial court's power was here restricted to the grant or denial of a new trial or arrest of judgment, otherwise to the entry of a lawful judgment. See United States v. Weinstein, 452 F.2d 704 (2d Cir.) (opinion issued November 16, 1971); People v. Superior Court in and for County of Butte, 240 Cal.App.2d 90, 49 Cal.Rptr. 365; Wilson v. State, 215 Ga. 775, 113 S.E.2d 607, 608.

VIII. Deets contends, however, Iowa R.Civ.P. 243(b) permits a trial court, in a criminal case, to enter judgment as though it had directed a verdict for movant. We do not agree.

In State v. Addison, 250 Iowa 712, 95 N.W.2d 744, defendant asserted Iowa R. Civ.P. 252–253 regarding vacation or modification of judgment were applicable to criminal proceedings. Holding otherwise we said at 250 Iowa 716–717, 95 N.W.2d 747:

"The Rules of Civil Procedure were prescribed by us pursuant to what is now Code section 684.18, I.C.A., which states we shall have power to prescribe rules 'for all proceedings of a civil nature in all courts of this state * * *.' Our report of the rules to the General Assembly, which accompanied them, makes this clear.

"It is true rule 1(a) says, 'These rules shall govern the practice and procedure in all courts of the state, except where * * * statutes not affected hereby provide different procedure in particular * * * cases.' This provision does not specifically limit operation of the rules to civil cases. Doubtless it was not thought necessary to do so. The title given the rules as well as their content indicates they are civil in nature. In any event, statutes not affected by the rules, Code sections 787.2, 787.3, provide different procedure for applications for new trial in criminal cases which we have uniformly held to be exclusive."

See also State v. District Court, 253 Iowa 903, 911, 114 N.W.2d 317; State v. Holder, 237 Iowa 72, 83–84, 20 N.W.2d 909.

No statute making rule 243(b) applicable to criminal actions has been called to our attention nor do we find one.

The reasoning in State v. Addison, *supra*, is instantly apposite. Further discussion of this issue will serve no useful purpose.

IX. Holding as we do, trial court had no power or authority to enter a postconviction judgment of acquittal, the question now to be resolved is the effect of that erroneous adjudication.

In People v. Superior Court in and for County of Butte, supra, the court, when confronted with just such a problem as is now before us, said at 49 Cal.Rptr. 367:

> "As there is no such proceeding in a criminal action as a motion for judgment notwithstanding the verdict, and as the court, having failed to grant a new trial, had only the power to sentence defendant or grant probation in a lawful manner, the order and the judgment of acquittal notwithstanding the verdict are void."

See Weems v. United States, 217 U.S. 349, 30 S.Ct. 544, 555, 54 L.Ed. 793; Graham v. Weeks, 138 U.S. 461, 11 S.Ct. 363, 34 L. Ed. 1051; State v. Shilinsky, 248 Iowa 596, 603, 81 N.W.2d 444; State ex rel. Nicholson v. Boles, 148 W.Va. 229, 134 S.E. 2d 576, 579; 21 Am.Jur.2d, Criminal Law, § 535; 24 C.J.S. Criminal Law § 1577.

■ We are satisfied and now hold, trial court's entry of a postconviction judgment of acquittal was totally void and of no legal force or effect because not permitted by law.

There being no showing of reversible error in trial prior to return of the instant guilty verdict it is hereby affirmed.

■ Under these circumstances a reversal and remand for entry of lawful judgment is appropriate. See United States v. Weinstein, *supra*; State v. Shilinsky, *supra*; State v. Alexander, 255 Iowa 656, 123 N.W.2d 407; State v. Barlow, 242 Iowa 714, 720–726, 46 N.W.2d 725; Burgess v. State, 256 Ala. 5, 53 So.2d 568, 574; People v. Superior Court in and for County of Butte, *supra*; 24B C.J.S. Criminal Law § 1950(3); cf. United States v. Tucker, 404 U.S. 935, 92 S.Ct. 589, 30 L. Ed.2d 592 (opinion issued January 11, 1972).

X. Furthermore, any argument to the effect that a remand of this case for entry of proper judgment would subject Deets to double jeopardy was effectively refuted in Bozza v. United States, 330 U.S. 160, 67 S.Ct. 645, 91 L.Ed. 818, by the following statement at 330 U.S. 166–167, 67 S.Ct. 649:

> "This Court has rejected the 'doctrine that a prisoner, whose guilt is established by a regular verdict, is to escape punishment altogether because the court committed an error in passing the sentence.' In re Bonner, supra, 151 U.S. [242] at page 260, 14 S.Ct. [323] at page 327, 38 L. Ed. 149. The Constitution does not require that sentencing should be a game in which a wrong move by the judge means immunity for the prisoner. See King v. United States, 69 App.D.C. 10, 98 F.2d 291, 296. In this case the court 'only set aside what it had no authority to do and substitute[d] directions required by the law to be done upon the conviction of the offender.' In re Bonner, supra, 151 U.S. at page 260, 14 S.Ct. at page 327, 38 L.Ed. 149. It did not twice put petitioner in jeopardy for the same offense. The sentence as corrected, imposes a valid punishment for an offense instead of an invalid punishment for that offense."

XI. In light of the foregoing this case is reversed and remanded with instructions to set aside the purported judgment of acquittal and for entry of judgment, as provided by law, on the verdict of guilty returned by trial jury. See Code Chapters 721, 789; Code § 791.8.

Reversed and remanded with instructions.

All Justices concur, except HARRIS, J., who takes no part.