# IN THE COURT OF APPEALS OF IOWA

No. 21-0028
Filed June 29, 2022

**JOEL ENRIQUE HERRARTE, JR.,**
Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
Respondent-Appellee.
_____

Appeal from the Iowa District Court for Wapello County, Lucy J. Gamon, Judge.

The applicant appeals the denial of his postconviction-relief application. **AFFIRMED.**

Christopher A. Clausen of Clausen Law Office, Ames, for appellant.

Thomas J. Miller, Attorney General, and Israel Kodiaga, Assistant Attorney General, for appellee State.

Considered by Tabor, P.J., Badding, J., and Blane, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2022).

**BLANE, Senior Judge.**

Joel Herrarte Jr., appeals the denial of his postconviction-relief (PCR) application. He argues that his criminal trial counsel was ineffective for (1) incorrectly arguing the evidence supported a conviction of kidnapping in the third degree when it was not a lesser included offense of kidnapping in the second degree, the crime charged; and (2) failing to object to the court finding him guilty of third-degree kidnapping. Because we find trial counsel was not ineffective, we affirm.

## I. Background facts and proceedings.

In February 2016, A.W. and J.J. set up a drug buy from Herrarte. J.J. believed Herrarte had previously ripped him off and owed him money. A.W. and J.J. derived a plan to recoup J.J.'s money by buying drugs from Herrarte but paying with construction paper wrapped in a ten-dollar bill. One of Herrarte's friends made the drug delivery and discovered the deception. A short time later, other acquaintances of Herrarte located A.W. and transported her to a local motel where Herrarte confined her seeking full payment for the drugs. During a several-day confinement, Herrarte struck A.W. causing several facial fractures and significant bleeding.

Based on these facts, Herrarte was charged with kidnapping in the second degree, in violation of Iowa Code section 710.3 (2016) (a class "B" felony); assault while participating in a felony, in violation of Iowa Code section 708.3 (a class "D" felony), and willful injury, in violation of Iowa Code section 708.4(2) (a class "D" felony). The trial information also alleged Herrarte aided and abetted kidnapping

and assault, under Iowa Code section 703.1. But it did not allege a violation of section 710.4, kidnapping in the third degree, a class "C" felony.

Herrarte waived a jury trial and consented to a trial to the court. Following the bench trial, the State and defense counsel submitted written post-trial arguments. The State argued for conviction of kidnapping in the second degree based on a ransom theory. Herrarte's trial counsel argued for conviction of kidnapping in the third degree as a lesser included offense that did not have a mandatory minimum. The State argued third-degree kidnapping was not a lesser included offense of second-degree kidnapping. The court rejected the State's argument. The court found under the facts, Herrarte confined A.W., not for ransom, *see* Iowa Code section 710.3 (defining kidnapping in the second degree), but with the intent to inflict serious injury, *see* Iowa Code section 710.1(3) (defining kidnapping generally and requiring one of several acts including "intent to inflict serious injury"). The court rendered a verdict finding Herrarte guilty of kidnapping in the third degree, assault while participating in a felony, and willful injury.

On direct appeal, Herrarte argued, "[T]he district court erred in its determination that third-degree kidnapping is a lesser-included offense of second-degree kidnapping." *State v. Herrarte*, No. 17-1394, 2018 WL 4360925, at *1 (Iowa Ct. App. Sept. 12, 2018). So he believed he was entitled to a reversal of the conviction. *Id.* He also argued his sentence for kidnapping in the third degree was illegal. A panel of our court found the record inadequate to assess the claim and preserved it to be developed in a PCR proceeding. *Id.* at *2.

Herrarte filed his PCR petition raising two issues: that his counsel was ineffective for making the lesser-included-offense argument and failing to object to

the court's ruling that kidnapping in the third degree was a lesser included offense of kidnapping in the second degree. Herrarte's criminal defense counsel testified at the PCR hearing that he believed kidnapping in the third degree is a lesser included offense of kidnapping in the second degree based on the wording of the statute. Counsel also testified that he felt the evidence of kidnapping was overwhelming and that the best result he could obtain for Herrarte was to avoid the second-degree kidnapping conviction and the twenty-five-year sentence with a mandatory minimum by arguing for conviction of third-degree kidnapping. Counsel testified that he discussed this strategy with Herrarte, who was in total agreement.

The PCR court first determined that if the legal elements test was applied, kidnapping in the third degree would not be a lesser included offense of kidnapping in the second degree.[1] But the court also found that the legislature has explicitly classified certain offenses as lesser included offenses even though they would not pass the elements test.[2] The court then found that no Iowa appellate court had yet opined on whether kidnapping in the third degree is a lesser included offense of

---

[1] The element test was established in *State v. Jeffries*, 430 N.W.2d 728, 736 (Iowa 1988) ("Considering the strengths and weaknesses of the various approaches used to define lesser-included offenses, we think we should retain our present strict statutory-elements approach."). That test states:

> The legal or element test requires the lesser offense to be composed solely of some but not all of the elements of the greater offenses. Thus the lesser offense is necessarily included in the greater offense if the greater offense cannot be committed without also committing the lesser. Conversely, if the lesser offense contains an element that is not part of the greater offense, the lesser cannot be included in the greater.

*Id.* (citation omitted).

[2] This exception was recognized in *Jeffries*, 430 N.W.2d at 737 ("The other exception involves lesser-included offenses that do not meet our legal test but are made lesser-included offenses by statute.").

second-degree kidnapping. Because the lesser included offense issue is unresolved, the court found:

> Without definite guidance from the appellate courts or even persuasive authority from another state, the court cannot say that defense counsel was ineffective for making a clearly incorrect legal argument. In fact, defense counsel testified that he continued to believe that he had made a correct legal argument, and would not argue differently if he was trying the case today. When the law is murky on a specific issue, defense counsel would certainly seem entitled to argue an interpretation which he believes would benefit his client.

The PCR court also found that the lesser-included-offense argument was trial strategy, as the best possibility to avoid the second-degree kidnapping conviction and the twenty-five-year sentence with a mandatory minimum. For these reasons, the court concluded Herrarte's defense counsel was not ineffective in making the argument and not objecting to the court finding him guilty of kidnapping in the third degree, and the court denied the application. Herrarte appeals.

## II. Scope and standard of review.

We review ineffective-assistance-of-counsel claims de novo. *Sothman v. State*, 967 N.W.2d 512, 522 (Iowa 2021). "Ineffective-assistance-of-counsel claims require a showing by a preponderance of the evidence both that counsel failed an essential duty and that the failure resulted in prejudice." *State v. Lorenzo Baltazar*, 935 N.W.2d 862, 868 (Iowa 2019) (citation omitted). Herrarte must prove both factors to prevail in an ineffective-assistance-of-counsel claim. *Ledezma v. State*, 626 N.W.2d 134, 142 (Iowa 2001).

In assessing their conduct, we presume counsel performed competently. *Dempsey v. State*, 860 N.W.2d 860, 868 (Iowa 2015). Herrarte must show "counsel 'made errors so serious that counsel was not functioning as the "counsel"

guaranteed the defendant by the Sixth Amendment'" to the United States Constitution. *State v. Kuhse*, 937 N.W.2d 622, 627 (Iowa 2020) (citation omitted). "The court determines 'whether counsel's assistance was reasonable considering all the circumstances.'" *Id.* (citation omitted). Sound trial strategy is not ineffective assistance. *State v. Ondayog*, 722 N.W.2d 778, 785–86 (Iowa 2006).

### III. Analysis.

In this appeal, Herrarte contends that since the trial court found he did not hold A.W. for ransom, his counsel was ineffective in making the lesser included offense argument and if the argument had not been made, the trial court would have had to dismiss kidnapping charges altogether. And since the kidnapping charge is the predicate felony for his conviction of assault while participating in a felony, he contends that count should also be dismissed.

Setting out the relevant parts of the statues will aid our analysis:

> A person commits kidnapping when the person either confines a person or removes a person from one place to another, knowing that the person who confines or removes the other person has neither the authority nor the consent of the other to do so; provided, that to constitute kidnapping the act must be accompanied by one or more of the following:
> 1. The intent to hold such person for ransom.
> 2. The intent to use such person as a shield or hostage.
> 3. The intent to inflict serious injury upon such person, or to subject the person to a sexual abuse. . . .

Iowa Code § 710.1. First-degree kidnapping requires the person kidnapped "suffers serious injury, or is intentionally subjected to torture or sexual abuse." *Id.* § 710.2(1). Second-degree kidnapping is "where the purpose is to hold the victim for ransom or where the kidnapper is armed with a dangerous weapon." *Id.*

§ 710.3(1).  Third-degree kidnapping includes "[a]ll other kidnappings."  *Id.* § 710.4(1).

The PCR court found that if the element test is strictly applied, kidnapping in the third degree is not a lesser included offense of kidnapping in the second degree.  But the court held the issue was not yet decided by an Iowa appellate court and therefore Herrarte's attorney could reasonably make that argument.[3] Herrarte argues that we should now determine in this appeal that third-degree kidnapping is not a lesser included offense of second degree kidnapping, which would establish his counsel made an incorrect legal argument and breached an essential duty.

Although not briefed, we believe the answer lies in the rules of criminal procedure.  The PCR court lamented that there were no appellate cases holding that kidnapping in the third degree is a lesser included offense of kidnapping in the second degree.  This appears to us to be because this is not a lesser-included-offense issue.

Instead, Iowa Rule of Criminal Procedure 2.22(3) provides:

> *Finding offense of different degree; included offenses.*  Upon trial of *an offense consisting of different degrees*, *the jury may find the defendant not guilty of the degree charged in the indictment or information, and guilty of any degree inferior thereto*, or of an attempt

---

[3] The court ruling stated:
> The State contends that Kidnapping 3rd Degree is not a lesser-included offense of Kidnapping Second Degree under their ransom theory.  The court disagrees; the Defendant confined [A.W.] against her will with the intent to seriously injure her (as evidenced by his Willful Injury conviction) which fits the definition of Kidnapping in Iowa Code 710.1.  Iowa Code 710.4 establishes that all Kidnappings not First or Second Degree [are] Kidnapping in the Third Degree.  The Defendant is <u>GUILTY of Kidnapping [in] the Third Degree</u> beyond a reasonable doubt.

to commit the offense when such attempt is prohibited by law. In all cases, the defendant may be found guilty of any offense the commission of which is necessarily included in that with which the defendant is charged.

(Second emphasis added.) The State charged Herrarte with kidnapping in the second degree, either as the principal or by aiding and abetting. The trial information did not allege the specific manner in which the kidnapping qualified as second degree, but the State argued a ransom theory. Iowa Code section 710.1 defines generally the crime of kidnapping. Then in subsequent sections the code establishes the degrees of kidnapping. Iowa Code §§ 710.2–.4. As the code establishes three degrees of kidnapping, applying the first sentence of rule 2.22(3), Herrarte could have been—and was—found not guilty of the degree charged in the trial information "and guilty of any degree inferior thereto," that being kidnapping in the third degree. It is the second sentence of the rule that provides for a lesser-included-offense analysis. This is necessary when a crime, not within the "degrees" of the particular crime charged, may possibly be a lesser included offense under the element test in *Jeffries*, 430 N.W.2d at 736. Since kidnapping is a "degree" crime, the court need not apply a lesser-included-offense analysis. *See State v. Thompson*, No. 99-0744, 2002 WL 31315977, at *4 (Iowa Ct. App. Oct. 16, 2002) (finding the State need not amend trial information with second-degree robbery when charging first-degree robbery because under the rule, "a jury may find defendant guilty of any of the lesser degrees of the offense with which he was charged"); *see also State v. Shaver*, 198 N.W. 329, 332 (Iowa 1924) ("[T]he law recognizes the possibility that in all such cases the offense may be less than

murder, and that the jury shall be privileged to so find." (quoting *State v. Shepherd*, 106 N.W. 190, 192 (Iowa 1906))).

Herrarte argues that the trial court acquitted him of second-degree kidnapping so if third-degree is not a lesser included he would not be convicted of kidnapping at all. But we are not to "Monday morning quarterback" counsel's trial strategy. *State v. Newman*, 326 N.W.2d 788, 795 (Iowa 1982). And we cannot find counsel was incompetent for "improvident trial strategy, [or] miscalculated tactics . . . as viewed with the clarity of hindsight." *State v. Cromer*, 765 N.W.2d 1, 8 (Iowa 2009) (cleaned up). Herrarte's criminal trial counsel testified he believed Herrarte would be found guilty of some degree of kidnapping. He appropriately argued Herrarte should be found guilty of kidnapping in the third degree. And the trial court in the criminal case properly found Herrarte guilty of kidnapping in the third degree. Thus, Herrarte's criminal trial counsel did not fail in an essential duty in proposing the court find Herrarte guilty of kidnapping in the third degree as a trial strategy. Because we find counsel did not fail in an essential duty, we need not address the prejudice prong of the ineffective-assistance test.

## IV. Conclusion.

We find, applying Iowa Rule of Criminal Procedure 2.22(3), since the kidnapping statute established three degrees of the crime, the criminal trial court properly determined Herrarte was guilty of kidnapping in the third degree. Herrarte's criminal trial counsel was not ineffective in arguing the court find Herrarte guilty of kidnapping in the third degree as a matter of trial strategy and in not objecting to the court finding him guilty of third-degree kidnapping. We affirm.

**AFFIRMED.**